IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| E. I. du PONT de NEMOURS AND COMPANY, )<br>)<br>Plaintiff, Counterclaim Defendant )<br>)<br>v. )<br>)<br>KOLON INDUSTRIES, INC., )<br>)<br>Defendant, Counterclaimant )<br>) | Case No. 3:09CV58 |

## E. I. du PONT de NEMOURS & CO.'S ANSWER TO KOLON INDUSTRIES, INC'S SECOND AMENDED COUNTERCLAIM

Plaintiff and Counterclaim Defendant E.I. du Pont de Nemours & Co. ("DuPont") for its answer to the Second Amended Counterclaim filed by Counterclaimant Kolon Industries, Inc. ("Kolon"), generally denies each and every material allegation, except those hereinafter specifically admitted or qualified.  In responding to the Counterclaim, DuPont has used the headings employed by Counterclaimant strictly as a convenience to the Court and does not admit any of the allegations or innuendo suggested by such headings.  DuPont admits that Kolon purports to bring its counterclaim pursuant to the Sherman Act Section 2 and Clayton Act Section 16, but denies that Kolon has a basis for doing so.  DuPont answers the numbered paragraphs as follows:

I.   **THE PARTIES**

1.   DuPont admits that Kolon is a South Korean company that produces and markets a competing aramid fiber product.  DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. DuPont admits that it is a Delaware corporation with a principal place of business in Wilmington, Delaware and that designs, manufactures and sells Kevlar® brand para-aramid fiber. DuPont otherwise denies the allegations of Paragraph 2.

## II. JURISDICTION AND VENUE

3. DuPont admits that Kolon purports to bring a claim under Section 16 of the Clayton Act, 15 U.S.C. § 26, but denies that Kolon has a basis to do so. DuPont specifically denies that it has committed violations of Section 2 of the Sherman Act. The second sentence of Paragraph 3 sets forth a legal conclusion to which no response is required.

4. Paragraph 4 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont admits that it is a corporation that transacts business within the Eastern District of Virginia. DuPont denies all remaining allegations of Paragraph 4.

## III. DUPONT'S MONOPOLIZATION OF THE PARA-ARAMID FIBER MARKET

To the extent the above heading constitutes an allegation, DuPont neither admits nor denies because the heading sets forth legal conclusions as to which no response is required.

### A. PARA-ARAMID FIBERS

5. To the extent the allegations of Paragraph 5 purport to characterize the content of the U.S. Federal Trade Commission definition of aramid fibers, DuPont neither admits nor denies them because that definition is the best evidence of its contents. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of how aramids are generally prepared by others. DuPont admits that its Kevlar® brand para-aramid products, Teijin Ltd.'s Twaron® products, and Kolon's Heracron® products generally are referred to as para-aramid products. DuPont denies any remaining allegations of Paragraph 5.

6. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding all para-aramid fibers, but admits that Kevlar® brand para-aramid fiber has beneficial characteristics, including no melting point, low flammability, strong fabric integrity at elevated temperatures, good resistance to abrasion and organic solvents, non-conductivity, and great strength-to-weight properties. DuPont admits that some para-aramid fibers are highly oriented along the fiber axis but denies that all para-aramids have to be highly oriented along the fiber axis. DuPont denies any remaining allegations of Paragraph 6.

7. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other para-aramid fibers, but admits that Kevlar® brand para-aramid fiber is used in a variety of applications, including aerospace and military applications; ballistic-rated body armor fabric; automotive parts; mechanical rubber goods; fiber optics; composite materials; tires, ropes and cables; reinforced thermoplastic pipes and sporting goods, among others. DuPont denies any remaining allegations in Paragraph 7.

8. DuPont admits that producing para-aramid fiber is costly, time consuming, and difficult. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8.

    a. DuPont admits that it began selling and marketing the first para-aramid in 1972, first under the name Fibre B, and eventually as Kevlar®. DuPont also admits that, for a time, it was the only producer of para-aramids worldwide.

    b. DuPont admits that it was involved in patent litigation with AKZO and that DuPont entered into an agreement with AKZO regarding para-aramid fiber. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 8.b. regarding entities other than DuPont and conduct not involving DuPont.  DuPont otherwise denies the allegations of paragraph 8.b.

   c. DuPont denies that Heracron had been in development since 1979. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the remaing allegations of Paragraph 8.c.

   d. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.d.

   e. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.e.

  9. Paragraph 9 sets forth subjective conclusions to which no response is required. DuPont neither admits nor denies the remaining allegations of Paragraph 9, which purport to characterize the content of estimates made by unnamed "industry experts," because DuPont lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and because those estimates, to the extent they exist, would speak for themselves.  To the extent a response is required, DuPont denies the allegations in Paragraph 9.

  **B.  DUPONT'S MARKET POWER**

To the extent the above heading constitutes an allegation, DuPont neither admits nor denies because the heading sets forth a legal conclusion as to which no response is required.

  10. Paragraph 10 sets forth subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 10.

  11. Paragraph 11 sets forth subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegation that DuPont sought and successfully obtained a ban against imports of AKZO's para-aramid fiber in the United States.

DuPont lacks sufficient knowledge or information to form a belief as to the truth of the other allegations regarding AKZO.  DuPont otherwise denies the allegations of Paragraph 11.

12. Paragraph 12 sets forth subjective and legal conclusions to which no response is required.  To the extent a response is required, DuPont denies the allegations of Paragraph 12 except that DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other companies' actions.

13. Paragraph 13 sets forth legal conclusions to which no response is required.  To the extent the allegations of Paragraph 13 purport to characterize the content of court decisions from the United Kingdom, Germany, and the Netherlands, DuPont neither admits nor denies them because those decisions are the best evidence of their contents.  DuPont admits it built a plant in Northern Ireland and denies it built a plant in Ireland.  DuPont otherwise denies the allegations of Paragraph 13.

14. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding AKZO's activities. DuPont admits that it brought an antidumping case against imports of PPD-T aramid fiber from the Netherlands in 1993, alleging that Akzo materially injured the U.S. PPD-T aramid fiber industry by importing and selling the fiber at less than fair value in violation of 19 U.S.C. § 1673d(b). To the extent the allegations of Paragraph 14 purport to characterize the content of the June 1994 United States International Trade Commission (ITC) decision, DuPont neither admits nor denies them because that decision speaks for itself. The last two sentences of Paragraph 14 set forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 14 except that DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding AKZO's business decisions.

15. Paragraph 15 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 15.

16. DuPont neither admits nor denies the allegations of Paragraph 16, which purport to characterize the content of the February 2001 United States International Trade Commission (ITC) decision and a quote from the transcript of the proceeding, because the decision and transcript speak for themselves. To the extent a response is required, DuPont denies any remaining allegations of Paragraph 16.

17. Paragraph 17 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 17.

### C. RELEVANT PRODUCT AND GEOGRAPHIC MARKETS

To the extent the above heading constitutes an allegation, DuPont neither admits nor denies because the heading sets forth legal conclusions as to which no response is required.

18. Paragraph 18 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 18.

19. Paragraph 19 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 19 except to admit that meta-aramid and para-aramid fibers share structural similarities and that meta-aramids generally are produced using different equipment and processes than para-aramids. DuPont also admits that Kevlar® brand para-aramid products provide high to very high tenacity, medium to very high modulus and very low to low elongation. To the extent the allegations of Paragraph 19 concern products of companies other than DuPont, DuPont lacks knowledge or information sufficient to form a belief as to their truth.

20. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Kolon, Teijin and other producers of para-aramid and meta-aramid fibers. DuPont admits that DuPont markets Kevlar® brand para-aramid fiber and Nomex® brand meta-aramid fiber. DuPont denies the remaining allegations of Paragraph 20.

21. Paragraph 21 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the remaining allegations of Paragraph 21 except that DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding purchasers' views of para-aramid, meta-aramid, or other synthetic fibers, and structural similarities of the enumerated fibers.

22. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Paragraph 23 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 23.

24. Paragraph 24 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont admits only that it has customers that use para-aramid fibers located throughout the United States. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to any particular qualification analyses or tests required by certain U.S. buyers, and DuPont also lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to other entities mentioned in Paragraph 24. DuPont denies any remaining allegations of Paragraph 24.

### D. THERE ARE HIGH TECHNOLOGICAL AND LEGISLATIVE BARRIERS TO ENTRY IN THE U.S. PARA-ARAMID FIBER MARKET

To the extent the above heading constitutes an allegation, DuPont neither admits nor denies because the heading sets forth legal conclusions as to which no response is required.

7

25. Paragraph 25 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 25.

26. Paragraph 26 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 26 except to admit only that production of Kevlar® brand para-aramid fiber requires sophisticated technology and capital investment. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the speculative allegations in the last two sentences of Paragraph 26.

27. Paragraph 27 sets forth legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations of Paragraph 27 purport to characterize the content of the Berry Amendment to the Buy America Act, DuPont neither admits nor denies them because that statute speaks for itself. DuPont admits only that Congress granted Teijin a waiver under the Berry Amendment but denies that this waiver was granted in 2001. DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the Berry Amendment bars purchasers of para-aramid fibers products from international supply. DuPont otherwise denies the allegations in Paragraph 27.

### E. DUPONT'S EXCLUSIONARY CONDUCT

To the extent the above heading constitutes an allegation, DuPont neither admits nor denies because the heading sets forth legal conclusions as to which no response is required.

28. Paragraph 28 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 28.

29. Paragraph 29 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont admits that it has entered into at least one contract with a U.S. para-aramid customer that included a provision for the customer to buy a certain percentage

8

of its aramid needs from DuPont. DuPont admits that it has entered into at least one contract with a U.S. para-aramid customer that included a provision to maintain the confidentiality of certain terms of the agreement. DuPont denies the remaining allegations in Paragraph 29.

30. Paragraph 30 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont admits that it has entered into at least one contract with a U.S. para-aramid customer that included a provision that permitted a customer to purchase aramid from a different supplier under certain conditions. DuPont denies the remaining allegations in Paragraph 30.

31. Paragraph 31 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 31.

32. Paragraph 32 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont lacks sufficient knowledge to admit or deny the vague allegations regarding supply agreements with unnamed "U.S. producers of optic fiber" or "U.S. branded tire manufacturers." DuPont denies the remaining allegations of Paragraph 32.

33. Paragraph 33 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 33.

34. Paragraph 34 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 34.

35. Paragraph 35 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 35.

36. Paragraph 36 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 36.

37. Paragraph 37 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 37.

### FIRST CAUSE OF ACTION

### UNLAWFUL MONOPOLIZATION IN VIOLATION OF 15 U.S.C. § 2

38. DuPont incorporates by reference its responses to Paragraphs 1-37 as if set forth fully herein.

39. Paragraph 39 sets forth legal and subjective conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 39.

40. Paragraph 40 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 40.

41. Paragraph 41 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 41.

### SECOND CAUSE OF ACTION

### ATTEMPTED MONOPOLIZATION IN VIOLATION OF 15 U.S.C. § 2

42. DuPont incorporates by reference its responses to Paragraphs 1-41 as if set forth fully herein.

43. Paragraph 43 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 43.

44. Paragraph 44 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 44.

45. Paragraph 45 sets forth legal conclusions to which no response is required. To the extent a response is required, DuPont denies the allegations of Paragraph 45.

**PRAYER FOR RELIEF**

DuPont denies that Kolon is entitled to any of the relief it seeks.

**AFFIRMATIVE DEFENSES**

Having fully answered the Counterclaim, as separate and distinct affirmative defenses, DuPont alleges as follows:

1. Kolon fails to state a claim upon which relief can be granted.

2. Kolon has failed to plead a proper relevant market.

3. Kolon has failed to plead actionable anticompetitive conduct.

4. Kolon lacks standing to bring these claims.

5. Kolon has not sustained antitrust injury.

6. Kolon's claims are barred because DuPont's conduct was proper and had no adverse effect on competition or restraint of trade in any relevant market.

7. DuPont has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging or increasing competition. DuPont has not acted with the purpose or intent to suppress or restrain competition.

8. Any purported monopoly or monopoly power alleged against DuPont occurred by virtue of DuPont's superior innovation, skill, foresight, and industry, or was caused by the proper functioning of the market or by natural market conditions.

9. DuPont has not improperly exercised any purported monopoly power against Kolon.

10. DuPont is the passive beneficiary of any purported monopoly or monopoly power.

11. DuPont had no specific intent to engage in attempted monopolization.

12. DuPont does not possess the power to control prices or exclude competition in the alleged relevant market.

13. DuPont has not willfully acquired any purported monopoly or monopoly power, nor has it maintained any purported monopoly or monopoly power by exclusionary means.

14. Kolon's claims are barred in whole or in part by exemptions and immunities from the antitrust laws, including but not limited to the Noerr-Pennington doctrine.

15. Kolon has not sustained any injury or damages caused by any action of DuPont.

16. Kolon's damages, if any, are speculative and unascertainable.

17. Kolon has failed to exercise reasonable care and diligence to mitigate its alleged damages.

18. Kolon's claims are barred by the doctrine of unclean hands.

19. Kolon's claims are barred by the doctrine of equitable estoppel.

20. DuPont reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, DuPont respectfully requests that the Court (1) enter judgment in favor of DuPont and against Kolon on its Counterclaims; (2) dismiss the Counterclaims with prejudice and enter judgment in favor of DuPont; (3) award DuPont its costs, expenses and attorneys' fees; and (4) award such other relief as the Court deems just and proper.

Dated: May 13, 2011

Respectfully submitted,

E. I. du Pont de Nemours and Company

       /s/  Robyn S. Gray
By Counsel

Howard Feller (VSB #18248)
hfeller@mcguirewoods.com

Robyn Suzanne Gray (VSB #45418)
rgray@mcguirewoods.com
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel: 804-775-1000
Fax: 804-775-1061

– and –

Kent A. Gardiner (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-624-2500
Fax: 202-628-5116
kgardiner@crowell.com

**Attorneys for E. I. du Pont de Nemours and Company**

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of May 2011, I served the foregoing via the Court's CM/ECF system on:

Rhodes B. Ritenour (VSB #71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 916-7109
(804) 916-7219 (Fax)
rhodes.ritenour@leclairryan.com

Dana J. Finberg (VSB # 34977)
**SNR DENTON**
1530 Page Mill Rd.
Suite 200
Palo Alto, CA 94304
(650) 798 0375
(650) 798 0310 (Fax)
dana.finberg@snrdenton.com

Scott M. Flicker (*pro hac vice*)
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (Fax)
scottflicker@paulhastings.com

Jeffrey G. Randall *(pro hac vice)*
Michael C. Hendershot *(pro hac vice)*
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
1117 S. California Avenue
Palo Alto, California  94304
(650) 320-1850
(650) 320-1950 (Fax)
jeffreyrandall@paulhastings.com
michaelhendershot@paulhastings.com

*Attorneys for Kolon Industries, Inc.*


/s/ Robyn S. Gray

Case 3:11-cv-00622-REP Document 4 Filed 09/21/11 Page 15 of 15 PageID# 66

15

/s/ Robyn S. Gray