## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| KOLON INDUSTRIES, INC.,       ) | |
|       ) | |
|      Counterclaimant,       ) | |
|       ) | |
| v.       ) | Civil Action No. 3:11-cv-622 |
|       ) | (REDACTED) |
| E.I. du PONT de NEMOURS AND       ) | |
| COMPANY,       ) | |
|       ) | |
|      Counterdefendant.       ) | |
| _____ ) | |

### MEMORANDUM IN SUPPORT OF DUPONT'S MOTION
### FOR SANCTIONS AGAINST KOLON INDUSTRIES, INC.

Pursuant to Fed. R. Civ. P. 37, the Local Rules of the U.S. District Court for the Eastern

District of Virginia, and the Court's October 4, 2011 Order, counterdefendant E.I. du Pont de

Nemours and Company ("DuPont"), by counsel, respectfully submits this memorandum in

support of its motion for sanctions against counterclaimant Kolon Industries, Inc. ("Kolon").

## INTRODUCTION

On September 30, 2011, this Court ruled that it will sanction Kolon for violating the

Court's September 16 Order requiring Kolon to obtain and produce documents from its U.S.

Heracron® sales agents.  The Court ordered DuPont to propose appropriate sanctions.  Pursuant

to the Court's Order, DuPont proposes that:  (1) Kolon be prohibited from using, offering, or

otherwise relying on any evidence related to any of these agents or to any of the customers with

which these agents dealt on Kolon's behalf; (2) the Court order an irrebuttable presumption that

any documents that Kolon could have produced from these agents would have been harmful to

Kolon and helpful to DuPont; and (3) Kolon and/or its counsel should be ordered to pay

DuPont's fees and costs associated with attempting to obtain discovery from Kolon regarding these agents and from the agents themselves, including the multiple briefings and hearings before this Court.

This relief is necessary given Kolon's and its counsel's ongoing, deliberate misconduct and the resulting prejudice inflicted upon DuPont.  Kolon's antitrust claims are premised entirely on the allegation that DuPont—through so-called long term supply agreements—foreclosed Kolon from selling its para-aramid product, Heracron®, to U.S. customers.  As Kolon's own documents and testimony establish, Kolon attempted to sell Heracron® to U.S. customers during the relevant period (January 1, 2006, through April 20, 2009) through seven sales agents.  Accordingly, the records of these agents documenting their sales efforts and their communications with customers and Kolon employees are critical to DuPont's defenses to Kolon's claims.

Discovery has exposed why Kolon has dragged its feet in obtaining and producing documents from its U.S. sales agents.  ███████████████████████████ ████████████████████████████████████  Thus, Kolon is clearly in no hurry to mine the records of its sales agents for fear they will further undermine Kolon's meritless claims.  Kolon's refusal to obey the Court's September 16 Order leaves DuPont without first-hand, contemporaneous evidence of Kolon's sales attempts, including its self-inflicted failures, to sell Heracron® to U.S. customers.

Discovery also has revealed that Kolon's misrepresentations are more egregious than the Court or DuPont knew as of September 30.  For example on October 6, 2011, DuPont deposed Mr. H.K. Jung, one of Kolon's seven U.S. sales agents.  ██████████████████ ███████████████████████████████████████████████  But that

was the hearing at which Kolon's counsel represented they had contacted all seven agents.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████   As a result, since Kolon filed its counterclaim on April 20, 2009, ███

████████████████████████████████████

To permit Kolon to use cherry-picked evidence related to these agents and their corresponding customers would severely disadvantage DuPont.  Likewise, were this Court simply to preclude both sides from using any evidence related to these agents or their corresponding customers, then Kolon's strategy would be rewarded by excluding evidence undermining its claims.  Therefore, DuPont should be permitted to use whatever evidence it may still be able to obtain from Kolon and the agents.

## FACTUAL BACKGROUND

A.     **Kolon Violated this Court's Order Requiring It to Produce Documents from Its Own Third-Party Sales Agents.**

Kolon alleges in its April 20, 2009 Counterclaim that DuPont's alleged multi-year supply agreements with a handful of U.S. para-aramid customers between approximately January 1, 2006, and April 20, 2009, unlawfully foreclosed Kolon from selling para-aramid products to customers throughout the U.S.  D.I. 11 at ¶ 30 (No. 09-cv-58).  ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████   ███████████████████████

DCACTIVE-16350014.1

████████████████████████████████████████████

███████████████████████  █████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ Therefore, these agents should have highly relevant

information about Kolon's efforts to sell Heracron® to U.S. customers.

During the September 15, 2011 hearing, the Court ordered Kolon to produce all

documents from its agents no later than September 20, 2011.  Kolon's counsel agreed:

> THE COURT: Produce them on September 20th, not later than, and I
> would say -- I would prefer it to be on a rolling basis, as soon as you get
> them but -- complete the production no later than September 20th.
> MS. WALWORTH: *Of course, Your Honor, we'll do it on a rolling basis*.

Ex. 5, Sept. 15, 2011 Hr'g Tr. at 77 (emphasis added). The Court memorialized this ruling in a

written order entered the next day.  D.I. 1534 at 2 (No. 09-cv-58).

On September 20, 2011, in violation of this Court's Order, Kolon produced documents

from only one of its agents (Scarponi Textiles), totaling about 2,000 pages.  Contrary to its

representation, Kolon did not produce any documents on a rolling basis.  To date, Kolon has not

produced any additional documents from its agents.

On October 4, 2011, the Court entered its Order "that sanctions will be imposed on

Kolon" and ordering DuPont to propose "the specific type of sanction which should be

imposed."  D.I. 94.

> **B.      Subsequent to the Court's Order, Dupont Deposed A Kolon Sales Agent And
> Discovered Additional Misrepresentations.**

Discovery subsequent to September 30, 2011, has revealed even more misrepresentations

to this Court and DuPont by Kolon's counsel.  For example, at the September 15, 2011 hearing

4

Kolon's counsel's represented that they had contacted each of the sales agents and that each had agreed to produce documents:

> THE COURT: And have all 12 of them agreed with you to produce these documents on or before the 29th?
> MS. WALWORTH: All 12 -- this is the first time I heard the 29th, Your Honor, so I didn't ask them, but *all 12 of them have agreed to produce these documents*. *They're working with us*, and I believe that they're on a schedule consistent with September 29th.[1]

Ex. 5, Sept. 15, 2011 Hr'g Tr. at 73-74 (emphasis added).

Testimony from one agent deposed on October 6, 2011, belies this representation.



---

[1] Kolon's counsel initially misspoke and referred to 12 agents but later clarified that there actually are seven agents.  Ex. 5, Sept. 15, 2011 Hr'g Tr. at 75-76.

[2] DuPont has scheduled depositions of the remaining Kolon agents during the next two weeks.

DCACTIVE-16350014.1

Similarly, at the September 30, 2011 hearing Kolon's counsel's represented that Gane,

Inc., and Mr. Jung personally, refused to produce documents to Kolon:

> MS. WALWORTH: No. It's Gane Incorporated, Your Honor. The
> individual contact name is H. K. Jung.
> THE COURT: Have you complied by providing that information?
> MS. WALWORTH: I have complied by attempting to seek that
> information, Your Honor --
> THE COURT: No, I didn't ask you that. Have you complied by providing
> that information?
> MS. WALWORTH: I was not able -- *I was <u>refused</u> it*, Your Honor.

Ex. 6, Sept. 30, 2011 Hr'g Tr. at 5-6 (emphasis added).



During the September 26, 2011 teleconference, Kolon's counsel attempted to justify

Kolon's failure to comply with this Court's September 16th Order by claiming the agents

retained lawyers and this impeded Kolon's ability to obtain documents from them:  "These are

companies, they are regular companies, and when the Rule 45 subpoena was served, *they went*

DCACTIVE-16350014.1

*out and got lawyers, and it slowed down the process*." Ex. 7, Sept. 26, 2011 Hr'g Tr. at 14.

Contrary to Kolon's counsel's claim, there is no evidence that Mr. Jung has ever retained a

lawyer related to this litigation.  ██████████████████████████████████████████

████████████████████████████████████.[3]

Kolon's counsel also represented during the September 26, 2011 teleconference:  "[W]e

*have obtained the records from many of these sales agents*."  *Id*. (emphasis added).  This

representation obviously was inaccurate given that Kolon has to date produced only a small

amount of documents from only one of its agents—Scarponi Textiles.[4]

This newly discovered evidence further demonstrates that Kolon's representations

regarding its efforts to obtain and produce documents from its U.S. sales agents are unreliable.

This pattern of misrepresentations and lack of a genuine effort to comply with this Court's Order

warrants severe sanctions.

## ARGUMENT

The Court already has determined that it will impose sanctions for Kolon's violation of

the Court's September 16th Order.  Thus, DuPont will not address *whether* sanctions are

warranted or appropriate, but rather *what* sanctions are appropriate for this established violation

of the Court's Order.

---

[3] Similarly, there is no indication that Kolon's agents Messrs. Seekamp and Chung have retained lawyers related to this litigation based on communications with them.

[4] Kolon's counsel also represented during the September 26th teleconference that one of the agents "moved out of the country" and Kolon's counsel could not locate him.  Ex. 7, Sept. 26, 2011 Hr'g Tr. at 18.  DuPont, however, was able to locate and serve each of the agents with subpoenas *in the U.S*.  Further, this directly contradicts Kolon's counsel's claim at the September 15, 2011 hearing that they already had contacted each of the agents and confirmed that each would produce documents.  Ex. 5, Sept. 15, 2011 Hr'g Tr. at 73-74.

DCACTIVE-16350014.1

If a party fails to obey a discovery order, Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure authorizes a court to impose a variety of sanctions, including sanctions of the type DuPont seeks here. Rule 37(b) also provides that in addition to or instead of sanctions, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Similarly, 28. U.S.C. § 1927 provides a further mechanism for appropriate sanctions here in light of the repeated misrepresentations by Kolon's counsel and the otherwise unnecessary proceedings before this Court required to address those misrepresentations and remedy the misconduct. The statute provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28. U.S.C. § 1927.

Accordingly, DuPont seeks (i) an order that for purposes of summary judgment and for trial, Kolon cannot use, offer or rely on in any way any evidence related to its U.S. Heracron® sales and marketing agents or the customers they contacted to support its claims, while DuPont may use, offer and rely on any and all such evidence it is able to obtain from Kolon and/or its agents; (ii) an irrebuttable presumption that any documents Kolon would—and should—have produced from its agents would have been harmful to Kolon and helpful to DuPont; and (iii) fees and costs associated with its efforts to obtain the Court-ordered discovery from Kolon and its agents, including for the various correspondence, briefs, and hearings, to be paid by Kolon and/or its counsel.

In determining whether to impose sanctions for failure to produce documents ordered by a court, the "[t]rial court must consider how the absence of such evidence (not produced) would impair (the other party's) ability to establish their case and whether the non-complying party's conduct (in not producing documents) would deprive (the other party) of a fair trial." *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 505 (4th Cir. 1977) (internal quotations and citation omitted). Too much leniency in the sanctions imposed is to be avoided where it results in inadequate protection of discovery. *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970), *cert. denied*, 400 U.S. 878 (1970).

Documents related to Kolon's U.S. sales efforts—and the customers they contacted—are indisputably essential to Kolon's claims that DuPont unlawfully foreclosed Kolon from making such sales, and to DuPont's defense of those claims. Ex. 5, Sept. 15, 2011 Hr'g Tr. at 66. ████

████████████████████████████████████████████

████████████████ ████████████████████████

████████████

████████████████████████

██████████████████████████████████

████████████████████████████

████████████████████████ Kolon itself has produced stunningly few of these communications and particularly the reports given the number of agents, the number of weeks during the relevant time period, and Kolon's claim that it contacted dozens of U.S. customers about Heracron® during that time.

Based on the limited documents produced from Kolon's own files and the testimony from just one of its agents so far, it is clear why Kolon is dragging its feet in obtaining documents

from its sales agents. That discovery reveals the business decisions that Kolon made and the deficiencies in its products that consistently hindered Heracron® sales to U.S. customers. Tellingly, Kolon has not identified a single document from a single U.S. sales agent claiming that *DuPont supply agreements* foreclosed Kolon from selling Heracron® to para-aramid customers throughout the U.S. Rather, the impediments that Kolon's agents faced were of Kolon's own making.

For example, [redacted]

> [redacted]

[redacted].[5] [redacted]

> [redacted]

---

5 [redacted]

DCACTIVE-16350014.1





[redacted]

Documents from Kolon's U.S. agents are critical to establishing Kolon's self-imposed limitations and impediments to U.S. Heracron® sales. For example:

[redacted]

[redacted]

[redacted]

[redacted]

This evidence shows why it is critical that Kolon be barred from using evidence related to its agents and their corresponding customers and why DuPont must be permitted to do so. A party cannot attempt to prevent the opposing party from obtaining information and then benefit from the opposing party's efforts to obtain the documents. *Wu v. Tseng*, Civ. No. 2:06cv580,

2008 U.S. Dist. LEXIS 73688, at *8 (E.D. Va. Sept. 22, 2008).  In particular, it would severely prejudice DuPont to permit Kolon to put on evidence of purported efforts to sell Heracron® to the specific customers for which Kolon's agents were responsible for such sales when DuPont has been deprived of the very documents needed to rebut that evidence.  Indeed, this seems to have been Kolon's strategy all along.

Further, the irrebuttable presumption DuPont seeks not only is necessary to help offset the extreme prejudice of Kolon's willful failure to produce highly relevant documents, but it also is fully supported by the limited discovery DuPont has obtained from some of the agents and from Kolon's own records related to the agents, as shown above.  Kolon should not be permitted to rebut this presumption with cherry-picked, self-serving evidence when, again, DuPont has been deprived of the evidence needed to respond to Kolon's evidence.

Finally, "Rule 37 aims at imposing costs on counsel and parties who frustrate the discovery process and occupy the Court's time with needless disputes."  *In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d 651, 665-66 (E.D. Va. 1999); Rules 37(b)(2)(C) and (c)(1)(A). And again, 28 U.S.C. §1927 provides for similar relief.  Here, both Kolon and its attorneys have unduly delayed and multiplied these proceedings, and unreasonably increased DuPont's costs, through deliberate delay tactics and repeated misrepresentations to this Court and DuPont. Kolon and its counsel should be required to reimburse DuPont for the fees and costs incurred as a result of their misconduct.

DuPont respectfully submits that anything less than the sanctions it seeks would reward Kolon's willful misconduct and severely prejudice DuPont in its defense of Kolon's claims.

**Conclusion**

For the reasons provided above, DuPont respectfully requests that this Court impose the

sanctions requested herein.

Dated: October 17, 2011                              Respectfully submitted,

                                                     E. I. du Pont de Nemours and Company

                                                     */s/ Matthew D. Fender*
                                                     By Counsel

                                                     Howard Feller (VSB #18248)
                                                     hfeller@mcguirewoods.com
                                                     Matthew D. Fender (VSB #76717)
                                                     mfender@mcguirewoods.com
                                                     McGUIREWOODS LLP
                                                     One James Center
                                                     901 E. Cary Street
                                                     Richmond, VA 23219
                                                     Tel:  804-775-1000
                                                     Fax:  804-775-1061

                                                                  – and –

                                                     Kent A. Gardiner (*pro hac vice*)
                                                     Jeffrey L. Poston (*pro hac vice*)
                                                     David Cross (*pro hac vice*)
                                                     CROWELL & MORING LLP
                                                     1001 Pennsylvania Avenue, N.W.
                                                     Washington, D.C.  20004
                                                     Tel:  202-624-2500
                                                     Fax:  202-628-5116
                                                     kgardiner@crowell.com

                                                     ***Attorneys for E. I. du Pont de Nemours and***
                                                     ***Company***

DCACTIVE-16350014.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of October, 2011, I served the foregoing via the Court's CM/ECF system and by hand delivery on:

Rhodes B. Ritenour (VSB #71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 916-7109
(804) 916-7219 (Fax)
Rhodes.ritenour@leclairryan.com

and via the Court's CM/ECF System on:

Dana J. Finberg (VSB #34977)
**SNR DENTON**
1530 Page Mill Rd.
Suite 200
Palo Alto, CA 94304
(650) 798-0375
(650) 798-0310 (Fax)
dana.finberg@snrdenton.com

Carla Walworth (*pro hac vice*)
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Park Avenue Tower
75 East 55th Street
New York, New York 10022
(212) 318-6000
(212) 319-4090 (Fax)
victoriacundiff@paulhastings.com
carlawalworth@paulhastings.com

*Attorneys for Kolon Industries, Inc.*

14

E. I. du Pont de Nemours and Company

*/s/ Matthew D. Fender*
By Counsel

Howard Feller (VSB #18248)
hfeller@mcguirewoods.com
Matthew D. Fender (VSB #76717)
mfender@mcguirewoods.com
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel:  804-775-1000
Fax:  804-775-1061
            – and –
Kent A. Gardiner (*pro hac vice*)
Jeffrey L. Poston (*pro hac vice*)
David Cross (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-624-2500
Fax:  202-628-5116
kgardiner@crowell.com

**Attorneys for E. I. du Pont de Nemours and Company**

15