IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED

FEB 2 2 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

KOLON INDUSTRIES, INC.,

      Plaintiff,

v.                                        Civil Action No. 3:11cv622

E.I. DU PONT DE NEMOURS
AND COMPANY,

      Defendant.


## MEMORANDUM OPINION

This matter is before the Court on the MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM COUNTER-DEFENDANT DUPONT (Docket No. 133) filed by Kolon Industries, Inc. ("Kolon"). For the reasons set forth below, the motion will be granted in part and denied in part.

## PROCEDURAL HISTORY

Kolon alleged in its Second Amended Counterclaim (Docket No. 2), filed on August 31, 2009, that DuPont was guilty of monopolization and attempted monopolization. The linchpin of Kolon's claim is that "[a]bsent [DuPont's] supply arrangements, Kolon could have had an opportunity to compete for high volume customers in critical sustainable use categories necessary to gain a threshold level of sales to effectively enter the United States." Second Amended Counterclaim ¶ 37. On August 8, 2011,

Kolon filed its Second Set of Requests for Production (Docket No. 134, Exhibit A), defining the term "agreement" as any "contract, license, memorandum of understanding, agreement in principle, understanding, ratification, authorization, arrangement and/or dealing whether oral or in writing," and asking for all such agreements made from January 1, 2005 to present. By letter dated August 23, 2011, counsel for Kolon asked counsel for DuPont to confirm that all those agreements had been produced. (Docket No. 134, Exhibit C). On September 2, 2011, the Court held a hearing in which counsel for DuPont agreed to produce all "contracts" dating back to 2005. (3:09cv58, Docket No. 1506). Seven days later, on September 9, 2011, counsel for Kolon sent counsel for DuPont a letter again requesting all "agreements" dating back to 2005. (Docket No. 134, Exhibit E). Dissatisfied with DuPont's production of these "agreements," Kolon filed a MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Docket No. 133) on October 17, 2011. DuPont filed its OPPOSITION TO KOLON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Docket No. 185) on October 28, and Kolon filed its REPLY TO DUPONT'S RESPONSE (Docket No. 191) on October 31.

## LEGAL STANDARD

Fed. R. Civ. P. 26 allows parties to obtain discovery "regarding any non-privileged matter that is relevant to any

party's claim or defense," provided the burden of acquiring the information does not outweigh the benefit.   Fed. R. Civ. P. 37(a)(1) allows a party to "move for an order compelling disclosure or discovery" after having "attempted to confer with the person or party failing to make disclosure or discovery." Rule 37(a)(4) provides that an evasive or incomplete disclosure is equivalent to non-disclosure.

## BACKGROUND

### A.   Kolon's Position

Kolon argues that, pursuant to Rule 37, the Court should compel DuPont to produce "all sales contracts, agreements, and understandings between DuPont and its customers in the United States relating to the sales of para-aramid fibers from January 1, 2005 up to the present."  Mem. Supp. Motion to Compel at 1. Kolon contends that it has made numerous discovery requests for this information and that DuPont has consistently ignored or evaded its requests.  Id. at 3-4 (explaining that Kolon first requested the agreements in its Second Set of Requests for Production).

Kolon explains that DuPont has not produced anything other than "supply agreements," and that these "supply agreements" govern only 15% of DuPont's revenue in the United States.  Id. at 5.    Although Kolon admits that its Second Amended

Counterclaim refers only to "supply agreements" and not to other types of agreements, Kolon submits that the term should be read "loosely" in its Counterclaim, and that it later clarified what types of agreements should be covered by it.  Id.  According to Kolon, DuPont itself has difficulty defining the term "supply agreement" and distinguishing it from other types of agreements. Id. at 8.[1]

Finally, Kolon argues that it is entitled to agreements that fall outside the relevant time period in this case.  Kolon contends that it is entitled to evidence of agreements from January 1, 2005 to the present.  Id. at 12.  According to Kolon, these agreements are relevant for three reasons: (1) they demonstrate DuPont's long-lasting control of the market; (2) they may show that DuPont took action in light of its knowledge that Kolon would be entering the market; (3) they enable Kolon to show a "current" violation and "repetitive anticompetitive acts," a showing of which enables Kolon to obtain the injunctive relief it is seeking.  Id. at 14.

---

[1]  Kolon also spends a great deal of time explaining that the agreements it seeks are relevant to its claims and DuPont's defenses.  The information is clearly relevant to DuPont's defense that the long-term supply agreements constituted a very insignificant portion of its revenue, and DuPont does not contest this (though DuPont does argue that the agreements are not relevant to Kolon's Counterclaim).  Instead, the issue is whether Kolon is entitled to the information based on the text of prior discovery requests.

**B.    DuPont's Response**

DuPont first argues that Kolon's Counterclaim is entirely based upon "long-term supply agreements," and that it should only be required to produce such agreements.  Mem. Opp. Motion to Compel at 3-4.[2]  And, according to DuPont, even if Kolon's argument that "long-term supply agreements" and "sales contracts" are difficult to distinguish held merit, DuPont has already produced both "sales contracts" and "supply agreements" during the 2005 to April 20, 2009 time period, making the argument moot.  Id. at 2.[3]  DuPont argues that it has been neither evasive nor non-responsive.  At the September 2 hearing, counsel for DuPont mentioned at least twice that it would produce "contracts" and "supply agreements" dating back to 2005. Id. at 5.  The Court then asked the parties if there were other issues it needed to address, and counsel for Kolon remained silent.  Id.  DuPont contends, that because Kolon represented

_____

[2] According to DuPont, the Fourth Circuit identified DuPont's "supply agreements" as the only alleged "anticompetitive activity."  Id. at 4.  And, that is correct, but not necessarily dispositive.  DuPont claims that Kolon is only asking for other "agreements" now because it realizes that its Counterclaim is meritless.  Id. at 10-11.  In any event, DuPont represents that it has produced every agreement other than those made on a one-time basis with particular customers, and that producing these one-time agreements would be unduly burdensome.  Id. at 8.

[3] DuPont argues that it has produced 29 such agreements.  Id. at 6.

5

that all issues were resolved at that hearing, it should not be able to raise any such issues now. Id. at 7.

In response to Kolon's arguments about agreements outside the relevant time period, DuPont contends that the Court has set the time period for this case, and that the parties have both acknowledged that time period. Id. at 9-10. Any agreements DuPont has produced outside of the relevant time period were produced as a courtesy. Id.

Finally, DuPont argues that Kolon's motion should be denied because Kolon failed to meet-and-confer before filing it, as it is required to do by Local Rule 37(E) and because it is untimely. DuPont alleges that Kolon never informed it of the motion, and that Kolon's August 2011 and September 9, 2011 letters were insufficient to put it on notice. Id. at 7. Additionally, DuPont points out that the motion was filed 17 days after the close of discovery, notwithstanding that Kolon knew that 85% of DuPont's sales were not governed by the long-term supply agreements as of April 2010. Id. at 7-8.

C.    **Reply**

Kolon argues that it should not be limited by DuPont's definition of "supply agreement," and that it clarified what it meant by the term in its Second Set of Requests for Production, filed on August, 8, 2011. Mem. Rep. Motion to Compel at 6- 7 (citing Docket No. 134, Exhibit A). Because Kolon's definition

6

of "supply agreement" and its requests were clear, Kolon argues
that there was no need for its counsel to voice an objection
when counsel for DuPont appeared to define the term more
narrowly.   Id. at 7 (referring to the September 2, 2011
hearing).[4]

Next, Kolon claims that its request for all "agreements"
between January 1, 2005 up to the present is not overly
burdensome.   Id. at 11-12.   Kolon reiterates its arguments about
durable power, irreparable harm, and future harm.   Id. at 12.
And, Kolon adds that DuPont most likely has the requested
agreements on hand and can easily produce them.   Id. at 12-13
(arguing that DuPont likely has them "in the form of a purchase
order, a price and term agreement, or a long-term supply
agreement").

Kolon responds to DuPont's argument about Local Rule 37(E)
and about untimeliness by citing to two letters it sent DuPont
asking for the "agreements" that it now seeks, one of which was

---

[4] Kolon argues that the Fourth Circuit acknowledged the fact that
the "long-term supply agreements" were but one factor in
determining whether Kolon adequately pled its claims.   Id. at 7-
8 (citing E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.,
637 F.3d 435, 440 (4th Cir. 2011)("This is a case about whether
E.I. DuPont de Nemours and Company ("DuPont") attempted to
wield, and did wield, monopoly power over the para-aramid fiber
market in violation of Section 2 of the Sherman Act.").   Kolon
also contends, that even if this Court decided that Kolon is
limited to arguing that DuPont's long-term supply contracts were
anticompetitive acts, DuPont's other sales' agreements are
relevant to DuPont's defense.   Id. at 11.

written August 23, 2011 and one of which was written September 9, 2011. Id. at 8-9. Kolon claims that these letters were attempts to meet-and-confer, and that DuPont's non-responsiveness negates its argument about timeliness. Id. at 9-11.

Finally, Kolon claims, for the first time in its Reply, that DuPont has only produced a portion of its supply agreements from 2008, agreements that DuPont does not contest it should produce. Id. at 13. Kolon bases this claim on a PowerPoint presentation conducted by DuPont. Id. That presentation showed 36 supply agreements in North America in 2008. Id. Kolon claims that DuPont has produced only 10 of these agreements. Id.[5]

## DISCUSSION

**A. September 2 Hearing**

DuPont argues that, at the September 2 hearing, Kolon waived its right to move to compel the "agreements" it now requests. At that hearing, the undersigned asked the parties to raise any unresolved issues.

> THE COURT: "What's not resolved on that [second] request for production of documents?"
> Tr. 13:23-24.

---

[5] Kolon asks for fees and costs associated with litigating this issue. Id. at 15.

8

Counsel for Kolon did not bring the dispute about the meaning of the term "agreement" to the Court's attention, notwithstanding that the Court asked counsel for Kolon whether there were outstanding issues several times and notwithstanding assertions made by DuPont which made clear that DuPont was only planning to produce "contracts" and "supply agreements."

> THE COURT: What else?  That's it except for the date now; right?
> Tr. 30:13.
>
> MR. CROSS: All other requests have been resolved, Your Honor.
>
> MS. WALWORTH: They have.  So other than – and we did that at another time this morning, other than the date issue which cuts across all of these."
> Tr. 31: 11-15.
>
> MS. WALWORTH: "Anything else that I have not raised, Your Honor, we have resolved."  Tr. 31:5-6.
>
> MR. CROSS: ". . . I've told Ms. Walworth we will produce contracts that were in place as of 2005.  We will go back for that, because their counterclaim is focused on supply agreements.  So commercial supply agreements they've requested, we'll produce those for 2005."
> Tr. 34:10-14.
>
> MR. CROSS: "And, Your Honor, just to be clear, we will produce contracts back to 2005, worldwide pricing data back to 2005."
> Tr. 36:14-16.

Thus, Kolon has waived its right to compel production of "agreements," other than supply agreements, from 2005 to present.  However, pursuant to its representations at the September 2, 2011 hearing, DuPont is hereby ORDERED to produce

9

any supply agreements or contracts that it has not already produced from 2005 to the date the Counterclaim was filed.

## B. Burden of Production

Even if Kolon had not waived its right to file this Motion, the Court would deny it as unduly burdensome. Rule 26(b)(2)(C) requires the Court to limit the "extent of discovery" after determining that "the burden or expense of the proposed discovery outweighs its likely benefit." Kolon has requested every "agreement" or "contract, license, memorandum of understanding, agreement in principle, understanding, ratification, authorization, arrangement and/or dealing whether oral or in writing," made by DuPont concerning U.S para-aramid sales from 2005-present. DuPont explains that this request encompasses all of its purchase orders and one-time transactions, covering hundreds of customers. Kolon's request is much too broadly worded, and compliance with it would be much too burdensome. Moreover, any benefit of the discovery is minimal. Kolon's Second Amended Counterclaim is premised upon DuPont's supply agreements. The relevance of the information Kolon now seeks concerns one of DuPont's defenses – namely that only 15% of its revenue during the relevant time period was generated by the supply agreements Kolon alleges constituted anticompetitive activity. Here, the limited benefit of the information sought is certainly outweighed by the demonstrated burden of producing it.

**C.     Fees**

Kolon asks for fees associated with filing this Motion under Rule 37(a)(5)(A).   Rule 37(a)(5)(A) provides that, in certain situations, if a motion to compel is granted, the Court must award fees to the moving party.   However, such an award is not required where "circumstances make an award of expenses unjust."   Here, where Kolon sought the Court's help to compel agreements after the close of discovery and after Kolon represented to the Court that it had no outstanding discovery disputes with respect to its Second Set of Requests for Production of Documents, and where Kolon's requests were unduly burdensome, an award of fees would be unjust.   Therefore, Kolon's request for fees will be denied.

**CONCLUSION**

For the reasons stated herein, Kolon's MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM COUNTER-DEFENDANT DUPONT (Docket No. 133) will be granted with respect to DuPont's supply agreements from 2005 to the date the Counterclaim was filed and denied in all other respects.

It is so ORDERED.

```
                                    /s/              REP
                        _____
                        Robert E. Payne
                        Senior United States District Judge
```

Richmond, Virginia
Date: February 22, 2012