IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


KOLON INDUSTRIES, INC.,

    Plaintiff,

v.                       Civil Action No. 3:11cv622

E.I. DU PONT DE NEMOURS
AND COMPANY,

    Defendant.


**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO COMPEL KOLON INDUSTRIES, INC. TO PRODUCE COMPUTER IMAGES AND DUMPSTER FILES AND FOR SANCTIONS (Docket No. 109) filed by E.I. Du Pont de Nemours and Company ("DuPont") and the MOTION FOR PROTECTIVE ORDER TO EXCLUDE DISCOVERY REQUESTS THAT ARE UNFOUNDED AND SEEK TO RE-LITIGATE SPOLIATION ISSUES (Docket No. 103) filed by Kolon Industries, Inc. ("Kolon"). For the reasons that follow, DuPont's MOTION TO COMPEL KOLON INDUSTRIES, INC. TO PRODUCE COMPUTER IMAGES AND DUMPSTER FILES AND FOR SANCTIONS (Docket No. 109), as modified, will be granted; and the request for sanctions therein will be denied. Kolon's MOTION FOR PROTECTIVE ORDER TO EXCLUDE DISCOVERY REQUESTS THAT ARE UNFOUNDED AND SEEK TO RE-LITIGATE SPOLIATION ISSUES (Docket No. 103) will be denied in its entirety.

## PROCEDURAL HISTORY

On August 31, 2011, DuPont submitted its Fourth Requests for Production of Documents and Things, asking for information relevant to Kolon's document and preservation efforts, especially in relation to 42 employees Kolon identified in its Initial Disclosures.   In a telephone conference on August 5, DuPont raised its concerns about the small number of documents produced by Kolon in response to the August 31, 2011 request. Kolon completed its document production on September 13, 2011. On September 18, 2011, counsel for DuPont sent counsel for Kolon a letter requesting computer images and dumpster files from 38 previously identified individuals, asserting that Kolon's production of documents was nonresponsive to the August 31 requests in so far as it concerned those individuals.   September 18, 2011, letter from O. Antoine to C. Walworth (Docket No. 111-7).[1]

At a hearing on September 30, 2011, the Court asked the parties to meet and confer about the issue, and, in the event they were unable to come to an agreement, to submit briefing.

---

[1]  Although DuPont's September 18 letter requested documents from 38 individuals, and the parties make arguments using both the number 37 and the number 38 in the briefing, DuPont provides a list of the 37 individuals at issue in its supporting memorandum, and it requests documents from those 37 individuals in the conclusion of its reply.   Thus, for the purposes of this motion, the Court will consider only those 37 individuals listed in DuPont's memorandum.

(Docket Nos. 90, 96).   Pursuant to the Order setting the schedule for briefing, on October 4, 2011 (Docket No. 96), DuPont filed its motion.   Kolon has responded and DuPont has pled a reply.

Before DuPont filed its motion to compel, Kolon, on October 5, 2011, filed a motion for protective order.   DuPont has responded and Kolon has replied.

**BACKGROUND**

### A.   DuPont's Position

As an initial matter, DuPont argues that the Court should deny Kolon's motion for protective order out of hand (Docket No. 103) because it was filed a week after the discovery deadline passed, because Kolon understood that the issue would already be briefed by the parties pursuant to the October 4 Order, and because Kolon did not meet and confer with DuPont before filing the motion.   Def. Mem. Supp. Motion to Compel at 12.   After making this argument, DuPont makes three arguments in support of its motion and in opposition to Kolon's motion for protective order.

First, DuPont argues that Kolon's document production is inadequate.   According to DuPont, Kolon has produced a total of 50 documents for 37 employees that Kolon identified, pursuant to Rule 26 disclosures, as having relevant and discoverable information.   Id. at 14.   Second, DuPont contends that the

3

documents it seeks are clearly relevant because Kolon identified each of the 37 individuals as possessing information relevant to Kolon's case and because Kolon's past conduct makes it likely that spoliation occurred.  Id. at 16.   Finally, DuPont argues that Kolon has control over the dumpster files and computer images it seeks, explaining that, through Kolon's own admissions, it is evident that Kolon has computer images for at least seven custodians and dumpster files for almost all, if not all, of the 37 employees.  Id. at 18.

DuPont also argues that, pursuant to Rule 37, Kolon should be sanctioned and should pay the fees and costs associated with its motion to compel.  Id.

## B.   Kolon's Position

Kolon makes three arguments in response to DuPont's motion to compel and in its motion for protective order.  First, Kolon argues that the information DuPont seeks is not relevant. According to Kolon, the individuals identified in its Initial Disclosures do not necessarily have relevant information, and even if they do, the information DuPont has requested has nothing to do with the relevant information that they might possess.  Pl. Opp. to Motion to Compel at 3; id. at 8 ("DuPont has not issued a single discovery request regarding the issues these individuals may have information about - namely, DuPont's assertion of intellectual property rights, Kolon's (trade

secrets) defense of independent development, or joint venture discussions between DuPont and Kolon"); id. ("DuPont's overbroad motion also demands computer hard drive images and dumpster data from individuals who were not even employed by Kolon during the time period the Court established for discovery.").[2]   Kolon explains that, when it made its Initial Disclosures, it was contemplating adding allegations to its Complaint that it decided not to add, and many of these individuals had relevant information pertaining to those causes of action.  Id.  Kolon suggests that it can amend its Initial Disclosures if this would help the Court decide the issue.  Id.  And, Kolon contends that the spoliation issue was previously litigated in the trade secrets case and should not be re-litigated.  Id. at 4.

Second, Kolon argues that it has already produced responsive documents from the individuals at issue, and that the fact that the quantity of documents produced is small cannot be used to prove that Kolon has been non-responsive.  Id. at 11. Kolon claims it has produced over 27,000 pages from these individuals, and over 8,700 pages from the facility where many of them work.  Id. at 5.  Third, Kolon contends, that the burden

---

[2] Kolon also argues that production of hard drives and dumpster files from individuals who performed "purely technical" roles is unnecessary.  Id. at 9.  And, it points out that some of the individuals it identified in its Initial Disclosures were individuals over whom neither Kolon nor DuPont had control.  Id. at 12 n. 7.

of producing the computer images and dumpster files outweighs any benefit. Id. at 11. And, that DuPont has not actually "requested the documents it now seeks." Id. at 14 (citing Forbes v. 21st Century Insurance Co., 258 F.R.D. 335 (D. Ariz. 2009) for the proposition that a party must actually request documents before it can bring a motion to compel).

Finally, Kolon opposes DuPont's requests for fees, and asks that the Court give it time to brief the appropriate amount of fees if it grants DuPont's motion. Id. at 15 n.9. And, Kolon contends that DuPont has continually threatened it with sanctions inappropriately. Id. at 5.

## C. DuPont's Reply

In response to Kolon's first argument, DuPont demonstrates that the information it seeks is relevant by pointing out that the Court previously has found that the Heracron Business Team and sales team deleted documents relating to their business activities and that much of the deleted material related to Mr. Michael Mitchell, a key figure in the antitrust case. Id. at 2-3. DuPont attaches a chart to its brief, showing how each employee from which it seeks information "indisputably" has relevant information. Id. at 12. DuPont notes that it is Kolon's burden to justify refusal to produce discovery. Id. at 3 (citing Billips v. NC Benco Steel Inc., No. 5:10cv95, 2011 WL 4005933, at *1 (W.D.N.C. Sept. 8, 2011; Capital One Bank v. Hess

Kennedy Chartered, LLC, No. 3:08cv147, 2008 WL 4467160, at *2 (E.D. Va. Sept. 30, 2008)).[3]

DuPont concedes that some of the individuals from which it requested information seem to have information irrelevant to this case, and it has withdrawn its document request with respect to those individuals, provided that other information does not come to light demonstrating that those individuals do in fact have relevant evidence. Id. at 4. The individuals from which DuPont no longer seeks information are: Hui Hun Chang, Nam Soo Kim, Haeng-Wook Lee, and Seung Bum Nam (who do not possess relevant information), and Moo San Rhim, Tae Sung Chung, Kyu Sun Jung, and Moon Soo Kim (who were not working for Kolon during the relevant time period). Id. at 4 n. 2.

DuPont disputes Kolon's claim that it produced 27,000 pages from the 37 individuals whose files are at issue, claiming that the metadata report indicates that Kolon has only produced 20,000 pages of documents from the 37 custodians, and that 19,500 of those pages were produced from just two of these custodians. Id. at 4 n. 4. DuPont also notes that 8,700 pages

---

[3] DuPont argues that the technical employees have relevant information concerning: Kolon's technical ability to produce commercially acceptable products, production capacity and its technical limitations, its efforts to qualify products for customers, quality issues, the extent to which Kolon's position resulted from its acquisition of DuPont's trade secrets, and discussions with technical personnel concerning all the above topics. Id. at 5.

Kolon produced were from the facility where employees worked, not from the individual file of any of the employees.  Id.

DuPont contends that it both formally and informally requested the documents it now seeks, pointing the Court to Requests Nos. 9 and 10 of its Fourth Set of Requests for the Production of Documents.  Id. at 15.  And, it argues that Kolon previously has represented that it had the information DuPont now seeks "readily available," so Kolon cannot now claim that producing such information constitutes an "undue burden."

Finally, DuPont claims its request for fees and sanctions is appropriate because it was made under Rule 37 and not Rule 11.  Id. at 17.  And, it argues that Kolon should not be able to further argue the issue in light of the fact that it already had an opportunity to do so in its opposition brief.  Id.

**DISCUSSION**

**A.  Kolon's Motion for Protective Order**

DuPont's argument that the Court should deny Kolon's motion for protective order with respect to the computer images and dumpster files is well-taken.  Kolon filed the motion after the discovery cut-off and after the Court ordered the parties to attempt to resolve the issue and with full knowledge of the briefing schedule the Court had set.  Kolon's MOTION FOR PROTECTIVE ORDER TO EXCLUDE DISCOVERY REQUESTS THAT ARE

8

UNFOUNDED AND SEEK TO RE-LITIGATE SPOLIATION ISSUES (Docket No. 103) will be denied.

## B.   DuPont's Motion to Compel: Relevance of the DuPont Requests

Fed. R. Civ. P. 26(b) allows parties to seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In its reply and the exhibits attached thereto, DuPont has explained how the information that it requests is relevant for each individual. And, in both its supporting memorandum and its reply, DuPont correctly points out that its requests for documents related to spoliation are relevant based on the fact that Kolon has made an unexplained skimpy production of documents from people who admittedly have discoverable information and on conduct by Kolon that led to findings of spoliation in the Trade Secrets Case.

In fact, the Court remarked upon the relevance of the spoliation at the September 2, 2011 hearing when it addressed counsel for Kolon, noting, "your client has been found to have spoliated evidence, and you have ignored the fact that your client did that in assessing how you are proceeding." Sept. 2, 2011 Hr'g Tr. at 3:19-4:3 (Docket No. 111-8). The Court went on to note that Kolon's sparse document production was of concern

in light of the previous proof of spoliation.   At the September 30, 2011 hearing, the Court again encouraged Kolon to produce more documents in response to DuPont's requests relating to the dumpster files and computer images.   When DuPont brought the issue to the Court's attention, the Court advised Kolon to work on "an accommodation" with DuPont's counsel.[4]   Sept. 30, 2011 Hr'g Tr. at 44:17-19 (Docket No. 111-10).

DuPont no longer requests discovery from the files of the individuals whom Kolon claims were not employed during the 2006 to April of 2009 time frame.   As to the files of Kolon's "technical employees," DuPont adequately has explained why they are likely to possess relevant information concerning several topics including:   Kolon's ability to produce and sell commercially acceptable para-aramid products, Kolon's production and capacity limitations, and quality issues experienced by customers.

---

[4]   DuPont is not "re-litigating" the spoliation issue.   Indeed, the basis for DuPont's discovery is in part the Court's earlier finding that spoliation did occur, a finding that neither party contests.

In sum, DuPont has shown that the information it seeks is relevant and is reasonably calculated to lead to the discovery of admissible evidence.[5] Kolon's opposition on the ground of a lack of relevance is without merit.

## C.   Burden of Production

Under Fed. R. of Civ. P. 26(b)(2)(C)(iii), the Court is required to "limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(B) explains that a party "need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost," and that "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."

---

[5]   The fact that Kolon listed in its Initial Disclosures the individuals from whom DuPont now requests information is not dispositive evidence that they, in fact, possess relevant evidence. However, when coupled with the individual-by-individual analysis in Exhibit 30 and the other exhibits attached to DuPont's reply, it is clear that the evidence they are likely to produce is relevant or reasonably calculated to lead to the discovery of admissible evidence.

Here, Kolon has not demonstrated that the information
DuPont seeks is "not reasonably accessible."   Although Kolon
argues that DuPont's requests are overly burdensome, and points
out that DuPont is seeking double the amount of hard drives than
were produced in the Trade Secrets Case,[6] Kolon does not provide
any analysis on the length of time, the man power, or the cost
of meeting DuPont's demands.   Kolon does not argue that it
cannot retrieve the requested documents or that it does not
control the individuals at issue.   Thus, Kolon has not met its
burden.

**D.   Adequacy of Production**

A party can only move to compel discovery if the opposing
party has failed to produce requested documents.   McDermott v.
Continental Airlines, 339 F. App'x 552, 560 (6th Cir.
2009)(quotations and citations omitted).   Kolon argues that it
has already produced the requested documents.

**1.   DuPont's Request for Production**

DuPont has made several requests for the spoliation-related
information it now seeks.   A review of the requests confirms
that to be the case, and it is then not necessary to discuss
each request individually.   Kolon argues in its opposition to
DuPont's motion that DuPont has not made any "formal" discovery

---

[6] See Mem. Supp. Motion for Protective Order at 11.

12

requests regarding the information, but in its memorandum in support of its motion for protective order, Kolon acknowledges that DuPont has made both formal and informal requests. Compare Pl. Mem. Supp. Motion for Protective Order at 6 with Pl. Mem. Opp. Motion to Compel at 14.   Because Kolon concedes that requests were made, there is no need to analyze the decision in Forbes v. 21st Century Insurance Co., 258 F.R.D. 335 (D. Ariz. 2009).[7]

### 2.   Responsiveness of Production by Kolon

Kolon claims that it has produced 27,000 pages from the individuals at issue while DuPont argues that Kolon has produced only 20,000 pages.   Kolon argues that its production of over 8,700 pages from the facility where many of the individuals work, coupled with the 27,000 pages, is sufficiently responsive. DuPont contends that its request was for files on the actual computers of specific individuals, not of documents from the facility where they worked.

---

[7] The 37 individuals from whom DuPont requests computer images and dumpster files are: Jong Tae Park, Sung Joong Kim, Dae Su Kim, Jae-Young Lee, Hee Jung Cho, Jae Young Kim, Seung Hwan Lee, Tae Hwan Ahn, Bae Sung Bae, Hui Hun Chang, Kang Yeol Choi, Nam Su Chung, Tae Sung Chung, Jong Seob Im, Do-Hong Joo, Kyu Sun Jung, Tae Sung Jung, Kuk Won Kang, Min Gu Kang, Chun Ho Ki, Chang Ho Kim, Doo Hyun Kim, Ho Yeon Kim, Jae Woo Kim, Moon Su Kim, Nam Soo Kim, Sang Kyu Kim, Young Dong Kim, Haeng Wook Lee, Hyun Woo Lee, Sang Min Lee, Il Nam, Seung Bum Nam, Moo San Rhim, Seok Jung Song, Sang Young Yeo, and Chang Woon Yoon.

Exhibit 30 of DuPont's reply demonstrates that the 20,000 page figure is closer to the truth.   However, whether the correct number is 20,000 or 27,000 pages, it is evident that 19,500 pages came from 2 of the 38 individuals.   If DuPont's estimate is correct, Kolon has produced only 500 pages from the other 35 individuals.   Even using Kolon's estimate and giving Kolon the benefit of the doubt, Kolon has produced a total of only 7,500 pages combined from the 35 individuals.   The fact that Kolon has identified so many witnesses with knowledge relevant to the case from whom it has produced no (or very few) documents undercuts Kolon's argument that production is complete.   Moreover, the Court's experience with Kolon's discovery in the Trade Secrets Case was that Kolon persistently resisted quite reasonable discovery requests on the flimsiest of grounds.   Kolon here appears to be taking the same approach.

**E.    DuPont's Request for Sanctions**

Fed. R. Civ. P. 37(a) allows a party to move to compel discovery from a non-responding party.   Under that rule, the Court is sometimes required to award a prevailing moving party attorney's fees and the reasonable expenses associated with making the motion.   However, if the opposing party's non-disclosure was "substantially justified" or "other circumstances make an award of expenses unjust," the Court must not award fees.   In this case, upon further research and investigation,

14

DuPont discovered that several of the individuals it requested information from did not appear to have relevant evidence. As a result, DuPont trimmed its list from 37 custodians to 29. Had Kolon not filed its opposition brief, DuPont might not have conducted this investigation. An award of expenses here, where briefing of this issue revealed that some of the requested information was likely irrelevant, would be "unjust." Thus, DuPont's request for Rule 37 sanctions will be denied.

## CONCLUSION

For the reasons above, DuPont's MOTION TO COMPEL KOLON INDUSTRIES, INC. TO PRODUCE COMPUTER IMAGES AND DUMPSTER FILES AND FOR SANCTIONS (Docket No. 109) with respect to its requests for computer images and dumpster files from the 29 individuals listed in Exhibit 30 (Docket No. 153) will be granted. Its request for sanctions will be denied. Kolon's MOTION FOR PROTECTIVE ORDER TO EXCLUDE DISCOVERY REQUESTS THAT ARE UNFOUNDED AND SEEK TO RE-LITIGATE SPOLIATION ISSUES (Docket No. 103) will be denied in its entirety.

It is so ORDERED.

_____ /s/ _____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 23, 2012