

FILED
FEB 28 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KOLON INDUSTRIES, INC.,

    Plaintiff,

v.                          Civil Action No. 3:11cv622

E.I. DU PONT DE NEMOURS
AND COMPANY,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION FOR SANCTIONS (Docket No. 135) filed by E.I. DuPont De Nemours and Company ("DuPont"). For the reasons below, the motion will be granted in part and denied in part.

### BACKGROUND

On August 16, 2011, Kolon Industries, Inc. ("Kolon") represented that it would produce documents to DuPont from seven third-party marketing sales agents: H.K. Jung, Joe Kaminsky, Bruce Lindley, David Scarponi and Dave Murphy, Brian Seekamp, Steve S.K. Chung, and Michael Mitchell. See Reply Mem. Supp. Motion for Sanctions, Exhibit 2. At the September 15, 2011 hearing, the Court ordered Kolon to produce all documents from these U.S. Heracron sales agents no later than September 20. See Sept. 16 Order (Docket No. 19). By September 30, 2011,

Kolon had produced documents from only one of the agents, and the Court held that sanctions would be imposed, and ordered the parties to brief the issue of the appropriate type of sanctions to be imposed. (Docket No. 94). Accordingly, DuPont filed its MOTION FOR SANCTIONS (Docket No. 135) and supporting memorandum (Docket No. 136) on October 17, 2011. Kolon filed its opposition on October 24 (Docket No. 159) and DuPont submitted its reply on November 2 (Docket No.208).

DuPont requested the following sanctions:

(1) that Kolon be prohibited from using, offering, or otherwise relying on any evidence related to any of these agents or to any of the customers with which these agents dealt on Kolon's behalf;

(2) that the Court order an irrebuttable presumption that any documents that Kolon could have produced from these agents would have been harmful to Kolon and helpful to DuPont;

(3) that Kolon and/or its counsel should be ordered to pay DuPont's fees and costs associated with attempting to obtain discovery from Kolon regarding these agents and from the agents themselves, including the multiple briefings and hearings before this Court.

Mem. Supp. Motion for Sanctions at 1-2.

DuPont also asks that the Court impose as sanctions the reasonable costs that DuPont "incurred in serving its Rule 45 subpoenas on the third party manufacturers' representatives."

2

Mem. Supp. Motion for Sanctions at 18.

## LEGAL STANDARD

If a party fails to obey a discovery order, the Court may:

(1) direct [] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(2) prohibit [] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(3) strik[e] [] pleadings in whole or in part;

(4) stay [] the proceedings until the order is obeyed;

(5) dismiss [] the action or proceeding in whole or in part;

(6) render[] a default judgment against the disobedient party; or

(7) treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

The Court must:

"order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(c).

3

In determining the type of sanction to be imposed, courts evaluate: (1) the presence of bad faith on the part of the non-complying party; (2) the amount of prejudice caused; (3) the need to deter the particular type of non-compliance; (4) whether there are less severe sanctions that would be effective. Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)(citation omitted). Outright dismissal or a default judgment should only be imposed "in that rare case where the [sanctioned party's] conduct represents such bad faith and callous disregard of the party's obligation under the Rules." See Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir. 1977)(citations and quotations omitted).

**DISCUSSION**

A.  **Imposition of Sanctions**

At the September 30, 2011 hearing, the Court ordered that sanctions be imposed for Kolon's disobedience of its September 16, 2011 Order (Docket No. 19). The reasons for that Order for sanctions were stated at the hearing and do not need to be revisited now. The issue at hand is the type of sanctions to be imposed, not, as Kolon argues in its opposition, whether sanctions should be imposed in the first instance.

4

**B. Prejudice**

Kolon's claims are based on the allegation that DuPont foreclosed sales of Heracron in the United States. DuPont argues, and correctly so, that the sales agents possess critical information respecting that key issue. The record establishes that sales of Heracron in the United States during the relevant time period were managed by the seven sales agents identified herein. Mem. Supp. Motion for Sanctions at 2. According to DuPont, the agents are expected to have documents demonstrating that their sales were unaffected by DuPont's supply agreements or that sales in the United States were low for reasons unrelated to DuPont or both. In support of that point, DuPont cites the testimony of Mr. Jung, one of the sales agents, explaining that DuPont's supply agreements did not hinder sales and that there were other obstacles to entry into the U.S. market. Id. at 10-11 (citing Exhibit 2, 91:19-92:5, 84:21-85:10). DuPont also contends that the testimony already taken from two of these sales agents reveals that each agent has a large volume of documents to produce, including weekly sales reports and emails with customers. Id. at 9 (citing Exhibits 2, 166:3-21; 4, 155:1-9, 158:7-15, 209:25-210:25, 231:22-232; 242:15-244:25; 8, Seo Dep. Exhibit 12).

Kolon contends that, because DuPont scheduled depositions with all of the third-party sales agents in late October that it

5

had not received documents from or had the opportunity to previously depose, DuPont has not suffered any prejudice. Id. at 17. Kolon argues that DuPont would have scheduled these depositions in any event because it seeks both testimony and documents from the sales agents. Id.

In its Reply, DuPont explains that, because Kolon did not contact its sales agents earlier, and never told them to preserve documents, many of the documents have now been lost. Reply Mem. Supp. Motion for Sanctions at 8. And, that appears to be borne out by the record.

DuPont has clearly suffered prejudice as a result of Kolon's non-compliance with the September 16 Order. Kolon admits that the requested documents contain information that is important to resolution of the case, and Kolon acknowledges that it agreed to produce the documents. DuPont relied on Kolon's representation and did not seek the documents through other means until October. DuPont had less time to review and analyze them for purposes of other motions, such as its Motion for Summary Judgment. And, as DuPont points out, because Kolon did not contact many of the sales agents (as it represented that it had already done), many of those agents deleted documents, and some of the documents were inadvertently destroyed.[1]

---

[1] DuPont learned of the destruction of certain documents in conducting the depositions of the third party sales agents.

6

**C.   Bad Faith**

DuPont contends that Kolon acted in bad faith by failing to produce documents from the sales agents. DuPont explains that counsel for Kolon represented, at the September 15 hearing, that she had communicated with each of the sales agents and that they had agreed to produce documents.[2] According to DuPont, Kolon's counsel misrepresented the facts. One of the sales agents, H.K. Jung testified that he had never agreed to produce documents before September 15. Mem. Supp. Motion for Sanctions, Exhibit 2, 196:2-13.[3]

---

See, e.g., Reply Mem. Support Motion for Sanctions at Exhibit 3, 69:13-17; Exhibit 2, 167:21-171:15; Exhibit 4, 122-26; Mem. Supp. Motion for Sanctions at Exhibit 2, 167:21-171:15.

[2] Counsel for Kolon initially believed there were 12 sales agents. After the Court asked her if she had been in communication with the sales agents, she reported, "all 12 of them have agreed to produce these documents. They're working with us, and I believe that they're on a schedule consistent with September 29th." Mem. Supp. Motion for Sanctions, Exhibit 5, 73:11-15. Counsel for DuPont later asked her to clarify how many sales agents there were and she reported that there were in fact only seven. The Court then ordered that Kolon produce the documents from the sales agents by September 20, taking into account that the deadline for fact discovery was September 30. Counsel for Kolon agreed to produce the documents by September 20. Id. at 77:44-45.

[3] DuPont also claims that Kolon's representation at the September 26, teleconference, in which counsel for Kolon said that the documents had not yet been produced because the sales agents had tried to acquire legal representation after being served with the subpoenas, was disingenuous. Mem. Supp. Motion for Sanctions at 6-7. DuPont points out that there is no evidence that at least three of the sales agents have retained legal representation. Id. Kolon counters this argument by explaining

7

Kolon argues that it acted in good faith, attempting to get the documents from the third-party sales agents even though it had no control over them. Mem. Opp. Motion for Sanctions at 15. According to Kolon, at some point either before or after the September 15 hearing, it contacted six of the seven sales agents. Id. And, Kolon claims that Mr. Jung refused to provide documents for confidentiality reasons. Id.

It is quite clear that Kolon's counsel misrepresented the facts at the September 15 hearing. In its opposition, Kolon admits that, as of September 15, the majority of sales agents had not agreed to produce documents. But, at the September 15 hearing, counsel for Kolon not only said that Kolon had contacted each of the sales agents, she also stated specifically, "all 12 of them have agreed to produce these documents." Mem. Supp. Motion for Sanctions, Exhibit 5, 73:11-15. She told the Court that Kolon would produce the documents no later than September 20. Id. at 77:44-45. Kolon agreed to produce these documents for the first time in August and counsel acknowledged that the documents were "critical." And, she represented to the Court that the documents would be produced by September 20. And, thus, an order to that effect was issued.

---

that it received a telephone call from an attorney representing Joe Kaminsky, one of the sales agents, about the subpoena served on Kaminsky on September 16. See Mem. Opp. Motion for Sanctions at 15.

8

As it turned out, Kolon produced only 2,000 pages from one of the seven sales agents.

The simple, and most unfortunate, fact is that Ms. Walworth misrepresented the facts to DuPont's counsel and to the Court. Those misrepresentations were relied on by DuPont's counsel and the Court and Ms. Walworth certainly knew that her representations would be relied on by DuPont's counsel and the Court. If those representations were made with knowledge that they were not true, that, of course, would be bad faith. The Court, however, is reluctant to find that any lawyer knowingly would misrepresent a fact to a Court. From the record, it appears that the misrepresentation was made without knowing whether it was accurate or not. That too is bad faith.[4]

## D. Deterrence

According to Kolon, there is no need for deterrence because it acted in good faith. DuPont argues that Kolon's conduct is part of a pattern, and that Kolon did not act in good faith. Reply Mem. Supp. Motion for Sanctions at 16-17. As the Court has explained above, Kolon did not act in good faith, and deterring future conduct like Kolon's is necessary. Moreover,

---

[4] Assuming that Ms. Walworth believed what she told DuPont's counsel and the Court on September 15, she certainly would have known otherwise almost immediately thereafter because she was obligated to produce the documents by September 20, five days after representing that the agents all had been contacted and had agreed to produce documents. She did nothing to advise the Court until her hand was called on September 30.

9

DuPont is correct in arguing that the sanctionable conduct is not an isolated event. Unfortunately, the record here establishes, to put it charitably, that Ms. Walworth has rather causally made representations and agreements in connection with discovery issues and then has sought to vary, or escape from, the terms of the agreements respecting discovery. That, in turn, has precipitated many unnecessary discovery disputes and wasted the Court's time. And, that certainly happened here.

**E. Appropriate Sanctions**

**1. Exclusion of Evidence**

DuPont contends that preventing Kolon from using the evidence related to its third-party marketing agents is justified here because of Kolon's egregious conduct and bad faith. Reply Mem. Supp. Motion for Sanctions at 17. Kolon argues that, if the Court granted DuPont's request, prohibiting Kolon from relying on any of the evidence related to the sales agents, it would be tantamount to entering a default judgment for DuPont. Mem. Opp. Motion for Sanctions at 18-19. And, according to Kolon, such a default judgment would deny Kolon its due process rights. Id. at 20 (citing Societe Internationale Pour Participations v. Rogers, 357 U.S. 197, 211-12 (1958) (noting that a Rule 37 sanction can raise due process concerns if it is imposed when the sanctioned party had no ability to produce documents due to circumstances outside of its control).

While it is true that Kolon's conduct was quite serious, it does not warrant entry of an order that is tantamount to a default judgment. And, barring Kolon from relying on any evidence from its U.S. sales agents would effectively resolve the case in favor of DuPont. Kolon's sales agents, as DuPont itself admits, will likely provide important testimony concerning the supply agreements and the issue of market foreclosure in the United States.

Here, Kolon's counsel misrepresented facts to counsel for DuPont and to the Court and did not obey a Court order regarding discovery. However, there also is evidence that Kolon did make some efforts, albeit ineffective, to procure the information. Therefore, DuPont's request that "Kolon be prohibited from using, offering, or otherwise relying on any evidence related to any of these agents or to any of the customers with which these agents dealt on Kolon's behalf" seeks a sanction that is excessive and thus will be denied.

2. **Irrebuttable Presumption**

Kolon contends that the irrebuttable presumption which DuPont seeks, namely that all the documents Kolon was ordered to produce that it did not produce would have been harmful to Kolon and helpful to DuPont, is too severe. Mem. Opp. Motion for Sanctions at 20. And, Kolon argues that there is no need for an adverse inference because DuPont actually possesses all the

documents that the adverse inference could conceivably concern. Id. at 22. DuPont argues that it should receive an adverse inference with respect to all the documents that are still missing, which it claims are numerous. Reply Mem. Supp. Motion for Sanctions at 10, 17 (citing Exhibit 3, 69:13-17; Exhibit 2, 167:21-171:15; Exhibit 4, 122-26).

The Court already has decided that Kolon acted in bad faith. And, it has been shown that some agents deleted or destroyed requested documents that would not have been lost if Kolon's counsel had done what it represented (communicated with the sales agents and secured their agreement to produce the requested documents).

Kolon's conduct is sufficiently serious to warrant an adverse inference with respect to deleted or destroyed documents. For those documents that DuPont can establish were destroyed after August 27, 2011, the date Ms. Walworth first agreed to produce the documents, the Court will instruct the jury that such documents would have been helpful to DuPont and harmful to Kolon. DuPont can develop that record and file it with a proposed instruction.

### 3. Fees

According to Kolon, it should only have to pay the "fees" associated with DuPont's service of Rule 45 subpoenas on the seven sales agents. Mem. Opp. Motion for Sanctions at 23-24.

12

DuPont argues that Kolon should have to pay all fees "associated with attempting to obtain discovery from Kolon regarding these agents and from the agents themselves, including the multiple briefings and hearings before this Court." Mem. Supp. Motion for Sanctions at 1.

Because the need for deterrence here is especially strong, because Kolon has exhibited bad faith, and because DuPont has suffered prejudice, DuPont's request will be granted. Kolon is ordered to pay the fees associated with attempting to obtain discovery from Kolon regarding the third-party sales agents, including the fees associated with the September 15 and September 30 hearings. DuPont will file a fee request, properly documented.

## CONCLUSION

For the reasons, and to the extent, stated herein, DuPont's MOTION FOR SANCTIONS (Docket No. 135) will be granted in part and denied in part.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 28, 2012