

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

KOLON INDUSTRIES, INC., )
)
    Counterclaimant, )
)
v. )
)
E. I. du PONT de NEMOURS AND )
COMPANY, )
)
    Counter-Defendant. )
)

Civil Action No. 3:11-cv-00622

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL TESTIMONY FROM PASCAL RENAUD PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL AND COMMERCIAL MATTERS

The United States District Court of the Eastern District of Virginia presents its

compliments to the Appropriate Judicial Authority of France and requests international judicial

assistance to obtain evidence to be used in a civil proceeding before this District Court.  A trial

date on this matter has been scheduled for April 4, 2012.

This Court requests the assistance described herein as necessary in the interests of justice.

This request is made pursuant to, and in conformity with, Chapter 1 of the Hague Convention of

18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague

Convention"), to which both the United States and France are signatories, and Rule 28 of the

United States Federal Rule of Civil Procedure.

Specifically, the District Court requests assistance in compelling testimony from Mr.

Pascal Renaud, a former employee of E.I. du Pont de Nemours and Company ("DuPont") and

non-party witness located at 608 Rue des Moraines, Véraz, 01 170 Chevry, France. The District

Court asserts that the evidence sought is directly relevant to the issues in dispute, and is not

sought for the purpose of obtaining pre-trial discovery of documents within the meaning of

Article 23 of the Hague Convention. This Request fully complies with France's reservations

made under the Hague Convention.

**SECTION I**

1.     **SENDER:**

      Honorable Robert E. Payne
      United States Judge
      United States District Court
      for the Eastern District of Virginia
      701 East Broad Street
      Richmond, VA 23219

2.     **CENTRAL AUTHORITY OF REQUESTED STATE:**

      Ministère de la Justice
      Bureau de l'Entraide
      Judiciare Internationale
      D4 00013 Place Vendôme
      75042 Paris Cedex 01, France
      Telephone:  +33 1 44 77 60 60

      **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

      Daniel B. Goldman
      Paul Hastings LLP
      75 East 55th Street
      New York, NY 10022-3205
      Telephone: (212) 318-6000
      Facsimile: (212) 319-5192
      Email: dangoldman@paulhastings.com

*On behalf of:*

Honorable Robert E. Payne
United States Judge
United States District Court
for the Eastern District of Virginia
701 East Broad Street
Richmond, VA 23219

**3.    DATE BY WHICH REQUESTING AUTHORITY REQUIRES RECEIPT OF RESPONSE TO LETTER OF REQUEST**

Date:   April 1, 2012.

Reason for Urgency: The Court has ordered trial to begin on April 4, 2012.

## SECTION II

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING INFORMATION REGARDING THE INSTANT REQUEST:**

**1.    a.    REQUESTING JUDICIAL AUTHORITY (Article 3,a)**

Honorable Robert E. Payne
United States Judge
United States District Court
for the Eastern District of Virginia
701 East Broad Street
Richmond, VA 23219

**b.    TO THE COMPETENT AUTHORITY OF (Article 3,a)**

France

**c.    NAME OF THE CASE AND IDENTIFYING NUMBER**

Antitrust Claims, *Kolon Industries, Inc. v. E.I. du Pont de Nemours*, Case No. 3:11cv622

**2.    NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (Article 3,b)**

**a)    *Counterclaimant***

Kolon Industries, Inc.                              **Counterclaimant's U.S. Legal**

**Representative**

Daniel B. Goldman
Paul Hastings LLP
75 East 55th Street
New York, NY 10022-3205
Telephone: (212) 318-6000
Facsimile: (212) 319-5192
Email: dangoldman@paulhastings.com

**Counterclaimant's French Legal
Representative**

Paul Hastings LLP
96, boulevard Haussmann
75008 Paris, France
Telephone: +33.1.42.99.04.50
Facsimile: +33.1.45.63.91.49

b) *Counter-Defendant*

E.I. du Pont de Nemours and Company

**Counter-Defendant's U.S. Legal
Representative**

David D. Cross
Crowell Moring
1001 Pennsylvania Avenue, NW
Washington D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

3.    a.    **NATURE OF THE PROCEEDING (Article 3,c):**

The evidence requested relates to antitrust claims filed by Kolon Industries, Inc.

("Kolon") against DuPont alleging that DuPont willfully possessed a monopoly in the U.S.

market for para-aramid fibers for over three decades and protected its monopoly through

anticompetitive actions, in violation of the United States antitrust laws, including Section 2 of the

Sherman Act of 1890 ("Sherman Act"), 15 U.S.C. § 2.

The antitrust claims were filed in connection with a trade secrets litigation currently

pending between Kolon and DuPont in the United States District Court for the Eastern District of

Virginia. The antitrust claims have been severed from the trade secrets litigation and are proceeding towards a separate trial. This Letter of Request pertains only to antitrust claim allegations.

### b.   SUMMARY OF COMPLAINT:

Kolon manufactures and sells para-aramid fibers under the trade name "Heracron." Para-aramid fibers are strong synthetic fibers that have been developed for aerospace and military applications, such as ballistic-rated body armor fabric, but they are also used in commercial applications such as automotive parts, mechanical rubber goods, and fiber optic cables. DuPont, which manufactures and sells a competing para-aramid fiber under the brand name Kevlar, controls at least a 70-percent share of the para-aramid fiber market used in commercial applications in the United States.

DuPont began selling and marketing para-aramid fiber in 1972. Since then, DuPont has expanded and protected its market power by para-aramid fiber patents, trade barriers, legislative protections, and other high barriers to entry in the relevant market. When Kolon entered the U.S. para-aramid market in 2006, DuPont was greatly concerned by the entry of a new competitor. Kolon's para-aramid fiber has similar qualities to DuPont's Kevlar. In addition, Heracron was more reasonably priced than DuPont's products.

DuPont committed various high volume U.S. para-aramid fiber buyers to multi-year supply agreements that required its customers to purchase 80 to 100 percent of the customer's requirements from DuPont. These agreements removed substantial supply opportunities from competition, limiting both the overall customers and purchase volumes for which Kolon could compete, as well as artificially raising Kolon's costs to compete. Through this and other anti-

competitive acts, DuPont illegally excluded Kolon from the U.S. market and maintained its monopoly over the para-aramid fiber market.

### c.    SUMMARY OF DEFENSE AND STAGE OF PROCEEDINGS:

DuPont has denied the allegations contained in Kolon's antitrust claims and has asserted a number of affirmative defenses. The parties are in the process of preparing for trial. The case is scheduled for trial on April 4, 2012.

### 4.    a.    EVIDENCE TO BE OBTAINED (Article 3,d)

The District Court seeks oral testimony for trial and other proceedings in the litigation from non-party witness Mr. Pascal Renaud (hereinafter "Mr. Renaud" or "Witness"), a resident of France. During the relevant time period, Mr. Renaud was the global intelligence manager for DuPont. He is no longer an employee of DuPont.

Kolon believes, based on discovery taken in the related trade secrets case, that Mr. Renaud possesses information and evidence relevant in the antitrust litigation. Mr. Renaud was responsible for gathering competitive intelligence regarding Kolon's efforts to develop, manufacture, and sell Heracron in the United States and other parts of the world. Mr. Renaud has personal knowledge of DuPont's strategy for countering Kolon's efforts to compete in the market for para-aramids. He has communicated with DuPont's employees, both in and outside of the United States, regarding issues that go to the heart of the antitrust counterclaims.

### b.    PURPOSE OF THE EVIDENCE SOUGHT

The information gained from discovery in the trade secrets litigation suggests that Mr. Renaud can provide vital evidence in the antitrust case and that his testimony will be important evidence for submission at trial and other proceedings in the litigation. The District Court asserts that the evidence sought from Mr. Renaud in the U.S. case is directly relevant to the issues in

dispute. This Request fully complies with France's reservations under the Hague Convention.

**5.      IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED (Article 3,e)**

> Mr. Pascal Renaud
> 608 Rue des Moraines
> Véraz, 01 170 Chevry
> France

**6.      QUESTIONS TO BE PUT TO THE PERSON TO BE EXAMINED OR STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED (Article 3,f)**

The subject matters about which Mr. Renaud is to be examined include:

1.   Mr. Renaud's knowledge of attempts by himself and DuPont to obtain competitive intelligence regarding new entrants to the aramid fiber market after January 1, 2004, including without limitation Kolon, Hyosung, or Yantai Spandex, and his knowledge of his and DuPont's efforts to obtain competitive intelligence regarding Kolon's research, development, marketing, sales, production, capacity or business strategies pertaining to Heracron® or aramid fiber.

2.   Mr. Renaud's knowledge of strategies, tactics, measures, or efforts of DuPont to impede, curtail, counter, effect, or offset expansion of Kolon's Heracron or aramid fiber research, development, marketing, sales, production, capacity or business strategies.

3.   Mr. Renaud's knowledge of information evidencing, describing, or referencing data prepared by him or obtained by him from any other source regarding Kolon's efforts to sell aramid fiber in North America.

4.   Mr. Renaud's knowledge of DuPont policies or practices pertaining to the collection of competitive intelligence regarding aramid fiber research, development, marketing, sales, production, capacity or business strategies, including his knowledge of efforts to obtain, develop, procure, or use sources for collecting competitive intelligence regarding aramid fiber research, development, marketing, sales, production, capacity or business strategies.

5.   Mr. Renaud's knowledge of any meetings he attended in which the following topics were discussed: Kolon's aramid fiber business and/or aramid fiber production technology.

**7.      DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED:**

None.

**8.      ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR**

**AFFIRMATION AND SPECIFIC FORM TO BE USED (Article 3,h)**

The District Court requests that, in executing the Letter of Request, the testimony of the Witness be given under oath, under penalty of perjury: "I, Pascal Renaud, swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event the laws of France do not permit the swearing of an oath by a particular witness, the Witness should be instructed of the consequences for giving untruthful and false answers under the laws of France.

**9.      SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (Article 3,i & 9)**

The District Court requests, pursuant to Chapter 1, Article 9 of the Hague Convention, that the following special procedures be observed:

A.      That only the French Court and its personnel, the parties' representatives or their designees, interpreters, a videographer and a U.S. verbatim court reporter be permitted to attend and participate in the hearing at which the Witness will be examined;

B.      That Kolon's legal representatives or their designees first be permitted to examine the Witness on the subjects set forth above and that Counter-Defendant's legal representatives or its designees thereafter be permitted to cross-examine the Witness on the matters elicited during his direct testimony;

C.      That interpreters be permitted to assist with the examination, to facilitate the attendees' participation in the examination, at Kolon's expense;

D.      That in addition to any official transcript that may be made by a French court, a U.S. court reporter be permitted to make a verbatim record of the Witness's

examination, at Kolon's expense;

E. That the parties' representatives or their designees be permitted to object orally to any questions posed by an opposing party's representative or designee, thereby preserving their objections to be ruled upon at a later time by a U.S. District Court;

F. That a videographer be permitted to attend the hearing and make a video recording of the Witness while he testifies;

G. That a total of seven hours of examination time be allotted to permit questions on the specific subject matter areas (listed herein at item 6) to be answered by the Witness; and

H. That, during his oral examination, the Witness may be shown certain emails and other documents.

## CONFIDENTIALITY

The District Court additionally requests that the confidentiality of any evidence produced as a result of this Request be maintained pursuant to the laws of France as well as pursuant to the Protective Order issued by the District Court in the U.S. case. A copy of the Protective Order operative in the U.S. case is contained in Schedule A hereto.

Pursuant to the Protective Order, the District Court respectfully requests that any testimony provided by the Witness or documents shown to the Witness, to the extent subject to the protective order, be treated confidentially in accordance with that order.

## 10. REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE LETTER OF REQUEST (Article 7)

It is respectfully requested that testimony be taken at such place, date, or time as ordered by the French Court or as otherwise agreed to by the Witness and the respective representatives

of the parties.

In conformity with Article 7 of the Hague Evidence Convention, the District Court requests that Kolon's French Legal Representative, Paul Hastings LLP, and the District Court's designee in the United States, Daniel B. Goldman, act as liaisons between the French Court and the parties to ensure that they are timely advised of the French Court's decisions with respect to the aforementioned Article 9 requests and to ensure that all participants are advised of the date and location of deposition for the execution of the Request. Kolon's counsel or French designee will arrange for court reporters, videographers and interpreters as permitted by the French court. Kolon's U.S. counsel, Daniel B. Goldman, may also communicate with the French judicial authorities as needed for clarification with respect to any aspect of the content of this Request. Contact details for these designees are listed below.

      **a.**       ***Counterclaimant's French Counsel Designee***

Paul Hastings LLP
96, boulevard Haussmann
75008 Paris, France
Telephone: +33.1.42.99.04.50
Facsimile: +33.1.45.63.91.49

      **b.**       ***Counterclaimant's U.S. Counsel Designee***

Daniel B. Goldman
Paul Hastings LLP
75 East 55th Street
New York, NY 10022-3205
Telephone: (212) 318-6000
Facsimile: (212) 319-5192
Email: dangoldman@paulhastings.com

**11.**    **REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF**

**THE LETTER OF REQUEST**

None.

## 12.   SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAWS OF THE STATE OF ORIGIN:

The Witness may refuse to answer any question propounded pursuant to Section 13 of the

Hague Convention and the subject matters listed in item 10 above, if such answer would disclose

a confidential communication between the Witness and his attorney.

## 13.   FEES AND COSTS (Article 14, 26)

It is requested that, once the Letter of Request is executed, the French Court submit a

note of fees and costs that are reimbursable under the second paragraph of Article 14 or Article

26 of the Hague Convention to this Court and to Counterclaimant's Counsel Designee, Daniel B.

Goldman:

>   Chambers of Honorable Robert E. Payne
>   United States Judge
>   United States District Court
>   for the Eastern District of Virginia
>   701 East Broad Street
>   Richmond, VA 23219
>
>   Daniel B. Goldman
>   Paul Hastings LLP
>   75 East 55th Street
>   New York, NY 10022-3205
>   Telephone: (212) 318-6000
>   Facsimile: (212) 319-5192
>   Email: dangoldman@paulhastings.com

The District Court will assure that Counterclaimant's representatives timely reimburse

the French Court in full for all costs incurred in the taking of the evidence sought.

## SECTION III

This District Court expresses its gratitude and assures the appropriate judicial authorities of France that it stands ready and willing to render similar assistance to the French courts when requested. The District Court takes this opportunity to extend to the courts of France its highest consideration.

Dated: **March 7**____, 2012

                                          /s/ _____

                                        Henry E. Hudson
                                        United States District Judge

Date

(Seal of Court)

Attachments:

Schedule A: Protective Order Governing Antitrust Claims, dated August 12, 2011.



**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

E. I. du PONT de NEMOURS AND COMPANY, )
)
)
Plaintiff, )
)
v. )          Civil Action No. 3:09-CV-58
)
KOLON INDUSTRIES, INC., )
)
Defendant. )
_____ )
)
KOLON INDUSTRIES, INC., )
)
Counter-claimant, )
)
v. )
)
E. I. du PONT de NEMOURS AND COMPANY, )
)
)
Counter-defendant. )
_____ )

## ~~[PROPOSED]~~ *REV* PROTECTIVE ORDER GOVERNING ANTITRUST COUNTERCLAIMS

It is stipulated and agreed by the parties to this action, and ORDERED by the Court, that

in connection with Kolon's Counterclaim against DuPont, absent a Court Order to the contrary

or written stipulation by the parties, this Order shall govern all discovery produced in the above-

captioned case for the purpose of litigating Kolon's Counterclaim:

1.      DuPont manufactures and sells KEVLAR® para-aramid fiber, and Kolon

manufactures and sells a competing aramid fiber product. Because the parties may exchange

sensitive technical and financial information, there is good cause for the entry of a Protective

Order.

2.      "CONFIDENTIAL" information means information, documents, or things (including transcripts) that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (1) trade secrets, (b) proprietary business information or (c) information invasive of an individual's legitimate privacy interests.

3.      "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information means Confidential information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party or significant competitive or commercial advantage to the receiving party.

4.      "EXPORT CONTROLLED INFORMATION" shall mean information regulated by i) the Department of Commerce Export Administration Regulations, 15 CFR §§ 730.1 *et seq.*; ii) the Department of State's International Traffic in Arms Regulations, 22 CFR §§ 120.1 *et seq.*; or iii) the Treasury Department's Office of Foreign Assets Control Regulations, 31 CFR §§ 500.101 *et seq.*

5.      Any information or material produced in response to a discovery request or otherwise, in this action, may be designated in a manner permitted under the terms of this Order by the person or entity (whether or not a party to this action) producing, providing, or filing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, including copies already in the possession of other parties to this action, constitutes "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL," or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party during the proceedings

2

in this action.

6.  Except as provided in ¶24 herein, Designated Material, including the content and substance thereof, shall not be used or disclosed for any purposes other than the litigation of Kolon's Counterclaim and may be disclosed only as follows:

(a)  Material designated "CONFIDENTIAL," including the content or substance thereof, may be disclosed (1) to those parties to this action or officers, directors, members and/or employees of parties to this action who have a legitimate need, in conjunction with the litigation of Kolon's antitrust Counterclaim, to see such information and who have agreed in writing, by signing a document substantially in the form of Exhibit A, to be bound by this Order, and (2) to those individuals to whom material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed under the terms of sub-paragraph (b) below.

(b)  Material designated "CONFIDENTIAL-ATTORNEYS EYES ONLY," including the content or substance thereof, will not be disclosed to anyone other than the following individuals, all of whom must first agree in writing, by signing a document substantially in the form of Exhibit A, to be bound by this Order:

(i)  outside counsel of record representing the parties (including their legal associates, paralegals and regularly employed office staffs) for the purpose of Kolon's antitrust Counterclaim;

(ii)  consultants and testifying experts who are not officers, directors, members, employees or independent contractors of the parties, and only for purposes of consulting, forming an opinion and testifying with respect to Kolon's antitrust Counterclaim;

          (iii)     Court personnel, including stenographers or shorthand reporters, as necessary and appropriate;

          (iv)     a witness, prospective witness or deponent, examined for the purpose of Kolon's antitrust Counterclaim, who (a) authored or is listed as a recipient of the particular material sought to be disclosed to that person, but only as to the specific material which the person authored or received at the time the material was originally created or disseminated, (b) is a current employee of the Designating Person, or (c) is a former employee of the Designating Person, but then only as to the specific material to which the person had access during his/her employment by the Designating Person.  Prospective witnesses may not be provided with or permitted to retain any document designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" although prospective witnesses may be shown such materials, consistent with the terms of this Order; and

          (v)     copying services, translators, and litigation support firms providing consultation, graphics and jury research (including focus group participants) engaged for the purposes of Kolon's antitrust Counterclaim;

       7.     A person having custody of any Designated Material shall maintain it in a manner that limits access to persons who, pursuant to this Order, are permitted such access.  Counsel of record for the party on whose behalf a person seeks disclosure or temporary possession of Designated Material, including the content and substance thereof,  shall maintain separately a collection of all documents by which such persons agree to be bound by this Order (Exhibit A). Both counsel shall make each signed Exhibit A available to the other party within ten (10) business days after the conclusion of the case, or for good cause prior to the conclusion of the case.

8.      Documents shall be designated by placing, stamping or marking the legend

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or similar words

clearly identifying the category of Designated Material for which protection is sought under the

terms of this Order.  The legend should be placed on each page of the document prior to

production of the document.  Other records and items shall be prominently marked in a

reasonably equivalent way.  Designated Material not reduced to documentary, tangible or

physical form or which cannot be conveniently designated in the manner set forth herein shall be

designated by the producing party by informing the receiving party in writing.

9.      The parties will use reasonable care to avoid designating any documents or

information which are generally available to the public.

10.      Any party may redact from the documents and things it produces (a) confidential

matter not relevant to the subject matter of this litigation or not responsive to discovery requests

in this action, and (b) matter that the producing party claims is subject to the attorney-client

privilege, work product immunity, a legal prohibition against disclosure, or other privilege or

immunity.  The producing party shall mark each document or thing where matter has been

redacted with a legend stating "REDACTED FOR RELEVANCE" or "REDACTED FOR

PRIVILEGE," as appropriate.  The producing party shall preserve an unredacted version of each

such document.  The producing party shall provide, along with any document redacted pursuant

to this paragraph, a log of information regarding each redacted document which, without

revealing the redacted information itself, identifies the general subject matter, the date, author

and recipient (if any) of the document, and describes the redacted information with sufficient

specificity to enable the receiving party to assess the claim that the information should be

redacted.  This provision shall not affect any other obligation to provide a log of information

5

redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

11.    A party shall not be obligated to challenge the propriety of a designation at the time made and the failure to do so shall not preclude a subsequent challenge thereto or constitute agreement or be argued to be an admission that the designation is in fact appropriate. Any party may request in writing to the party who produced the Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the re-designation within ten (10) business days of receipt of the written request, the objecting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the Designating Person to show why its designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter informally. With respect to any motion or pleading a party intends to file, the parties shall comply with the following provisions:

(a)    Before submitting a motion to file any document under seal because the document contains information that the filing party has designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the filing party shall review the information it designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and, if it does not meet the corresponding definition herein, de-designate the information or re-designate it to a lesser level of confidentiality.

(b)    No fewer than three business days (and no fewer than 36 hours where the time period for filing a motion or pleading is fewer than three business days) before filing any motion or pleading containing Designated Material, including the content and substance thereof, designated as such by a party or non-party *other than* the filing party, the filing party shall

6

identify with reasonable specificity (*e.g.*, Bates numbers for documents and page numbers for deposition transcripts) for each Designating Person all Designated Material designated as such by that Designating Person that the filing party is considering using in its filing. Each Designating Person receiving such notice shall respond within two business days (or 24 hours where the time period for filing a motion or pleading is fewer than three business days) and shall review the information it designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and that has been identified by the filing party, and if any of that information does not meet the corresponding definition herein, de-designate the information or re-designate it to a lesser level of confidentiality. If the Designating Person does not de-designate or re-designate any or all of the identified Designated Material within the applicable time period, then the filing party shall file the material under seal pursuant to ¶13 of this Order, but may apply to the Court for relief as to the designation of the material. Upon any such application to the Court for relief, the burden shall be on the Designating Person to show why its designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter informally.

12.    Deposition transcripts or portions thereof may be designated either: (a) when or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (b) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten (10) business days, the deposition transcript

shall be treated as if it had been designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material, including the content and substance thereof, may be disclosed under paragraph 6 of this Order. Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 6 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

13.     If it becomes necessary to file Designated Material, or the content and substance thereof, with the Court, a party must comply with Local Civil Rule 5 by moving the Court to file such Designated Material under seal. The party making such filing must simultaneously submit a Motion and Proposed Order requesting that the Court treat the material as confidential. Such Motion will state sufficient facts to support confidential treatment by the Court. Any documents to be filed under seal must comply with the notice requirements of *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

14.     Offering or submitting any pleadings or other papers disclosing or containing Designated Material, or the content and substance thereof, to the Court shall not waive the designated status of any such information (or, if the receiving party submits pleadings or paper disclosing or containing Designated Material, or the content and substance thereof, to constitute an admission that such Material is in fact confidential). Such Designated Material shall not be disclosed by the Court except to persons identified in paragraph 6 above. The Court shall determine how Designated Material shall be treated during trial and other hearings as it deems appropriate.

15. Upon final termination of this action and at the written request of the person designating or producing the material, all Designated Material and all copies thereof shall be returned to counsel of record for the party that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. Counsel for each party that discloses the other party's Designated Material, including the content and substance thereof, pursuant to the provisions of paragraph 6 shall retain the written agreements, to be substantially in the form of Appendix A to this Order, through which the individuals to whom Designated Material was disclosed agreed to be bound by this Order.

16. The inadvertent or unintentional production of documents containing, or otherwise disclosing, information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error. The receiving party shall not be liable for any use or disclosure of such inadvertently non-designated information that occurs before the receiving party receives written notice of the inadvertent non-designation.

17. The protections and procedures set forth in Appendix A to the Joint Motion for a Discovery Order and Entry of Stipulated Pretrial Schedule (D.I. 1126) are fully incorporated herein by reference.

18. Should a party receive a request from any government authority or other third

9

party for compulsory or voluntary production of information that the receiving party contends applies to any Designated Material, including the content and substance thereof, the other party has produced in discovery regarding Kolon's antitrust counterclaims, the receiving party shall (i) first respond by setting forward the existence of this Order; (ii) notify the producing party in writing of the request within two days of receipt of the request, and (iii) will only produce any information, or the content or substance thereof, subject to ¶24 herein.

19.     Should a court or other government authority, with the requisite jurisdiction and power to do so, order or otherwise seek to compel a party to produce information that arises from or relates to in any way to Designated Materials the other party has produced in discovery regarding Kolon's antitrust counterclaims, the receiving party (i) will notify the producing party in writing within two days of receipt of the order, and (ii) will not comply with any such order before the close of business on the last day for compliance with the order before any sanction would be imposed, so as to allow the producing party a reasonable amount of time to object to and/or challenge the production, before this Court, the court issuing the order, or other government authority;

20.     In addition to the above designation and provisions, either party may designate material, using the same methods as for CONFIDENTIAL material, as EXPORT CONTROLLED INFORMATION. The party receiving any material designated as EXPORT CONTROLLED INFORMATION shall comply with all applicable laws and regulations regarding the disclosure or dissemination of such information, regardless of any other designation the material may bear pursuant to this Order.

21.     The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by the order of this Court. This Order shall survive

termination of this action.

22.    This Protective Order does not abridge and is without prejudice to the rights of a party to oppose or object to the disclosure, production, use or admissibility of any evidence or to refuse to disclose or produce anything based on any available legal grounds or objections.

23.    Documents exchanged by the parties for the purpose of litigating Kolon's Counterclaim may only be used in connection with the litigation of Kolon's antitrust Counterclaim.

24.    Nothing herein shall restrict the access of any agency of the United States or any Grand Jury to any discovery produced in this action or, with the permission of the Court, the access to any lawfully approved foreign investigating agency.

25.    Because of the over-designation under the current Agreed Protective Order (D.I. 53), the parties are ordered to limit the designation of documents as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with the standard set forth at ¶3 herein and to limit sealing of pleadings and briefs, and exhibits thereto, filed with the Court, as ordered by Paragraph 8 of the July 7, 2011 Stipulated Pretrial Schedule and Discovery Order Regarding Kolon's Second Amended Counterclaim (D.I. 1219).

26.    The Court advised the parties during the telephonic hearing on August 5, 2011, that the Court may order that over-designation of documents as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may result in a party losing its privilege to designate documents entirely.  The parties reserve all rights regarding any such order, including any right to appeal, and nothing herein shall be deemed as waiving, limiting or otherwise affecting any such rights.

We ask for this:

11

Howard Feller (VSB #18248)
hfeller@mcguirewoods.com
Matthew D. Fender (VSB #76717)
mfender@mcguirewoods.com
**McGUIREWOODS LLP**
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel:  804-775-1000
Fax:  804-775-1061

– and –

Kent A. Gardiner (*pro hac vice*)
David D. Cross (*pro hac vice*)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-624-2500
Fax:  202-628-5116
kgardiner@crowell.com

*Attorneys for E. I. du Pont de
Nemours and Company*

Rhodes B. Ritenour (VSB #71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
Rhodes.ritenour@leclairryan.com

Dana J. Finberg (VSB # 34977)
**SNR DENTON**
1530 Page Mill Rd.
Suite 200
Palo Alto, CA 94304
(650) 798 0375
(650) 798 0310 (Fax)
dana.finberg@snrdenton.com

Scott M. Flicker (*pro hac vice*)
**PAUL, HASTINGS, JANOFSKY
& WALKER LLP**
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (Fax)
scottflicker@paulhastings.com

Jeffrey G. Randall (*pro hac vice*)
Michael C. Hendershot (*pro hac vice*)
**PAUL, HASTINGS, JANOFSKY
& WALKER LLP**
1117 S. California Avenue
Palo Alto, California  94304
(650) 320-1850
(650) 320-1950 (Fax)
jeffreyrandall@paulhastings.com
michaelhendershot@paulhastings.com

Carla Walworth (*pro hac vice*)

12

Victoria A. Cundiff *(pro hac vice)*
**PAUL, HASTINGS, JANOFSKY**
**& WALKER LLP**
Park Avenue Tower
75 E. 55th Street
New York, New York 10022
(212) 318-6000
(212) 319-4090 (Fax)
carlawalworth@paulhastings.com
victoriacundiff@paulhastings.com

*Attorneys for Kolon Industries, Inc.*

IT IS SO ORDERED this 12th day of August , 2011.

_____/s/_____ REP

United States District Court Judge
Robert E. Payne

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| E. I. du PONT de NEMOURS AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-CV-58 |
| | ) | |
| KOLON INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————— | ) | |
| | ) | |
| KOLON INDUSTRIES, INC., | ) | |
| | ) | |
| Counter-claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| E. I. du PONT de NEMOURS AND COMPANY, | ) | |
| | ) | |
| Counter-defendant. | ) | |
| ———————————— | ) | |

**CONSENT FORM**

I hereby acknowledge that I am to have access to information designated in this action as CONFIDENTIAL material (or CONFIDENTIAL-ATTORNEYS' EYES ONLY material), if permitted by the terms of the Protective Order Governing Antitrust Counterclaim, in the captioned action. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of the Protective Order Governing Antitrust Counterclaim, under paragraph 6 thereof, and that I have been given a copy of and have read said Protective Order Governing Antitrust Counterclaim and agree to be bound by the terms thereof.

Dated: _____     Signature: _____

                               Print Name: _____

                               Address: _____

                                        _____