

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KOLON INDUSTRIES, INC.,

    Plaintiff,

v.                                  Civil Action No. 3:11cv622

E.I. DU PONT DE NEMOURS
AND COMPANY,

    Defendant.

## MEMORANDUM OPINION
## REDACTED VERSION

This matter is before the Court on the MOTION TO UNSEAL FILINGS (Docket No. 315) filed by E.I. Du Pont de Nemours and Company ("DuPont"). For the reasons below, the motion will be granted in part and denied in part.

### BACKGROUND

On December 23, 2011, Kolon Industries, Inc. ("Kolon") filed its sealed MOTION TO STAY (Docket No. 283). Contrary to protocol required by Court directive (and previously followed by the parties), Kolon did not also file the motion in redacted form. Under the impression that it was appropriate to seal the MOTION TO STAY and supporting brief and exhibits under a previously entered Protective Order, and under the impression that a redacted version of the MOTION TO STAY had been filed,

the Court allowed the pleadings to be filed under seal (ORDER, Docket No. 272, Dec. 21, 2011).

On January 3, 2012, DuPont timely filed an OPPOSITION TO KOLON'S MOTION TO STAY under seal at (Docket No. 296) as well as a redacted version not under seal (Docket No. 293). Kolon objected to the filing of the redacted version, arguing that it contained confidential information. The Court held a conference call on January 4, 2012 to consider Kolon's objection. Based on that conference call, the Court ordered that the Clerk seal the redacted (Docket No. 295) and unredacted versions (Docket No. 296) of DuPont's opposition brief, and that the parties brief the appropriateness of sealing the documents related to Kolon's MOTION TO STAY (Docket No. 283), including the supporting memorandum and the related exhibits (Docket No. 284) and DuPont's opposition (Docket No. 293).

On January 11, 2012, DuPont filed, under seal, a MOTION TO UNSEAL FILINGS (Docket No. 315), requesting that the Court unseal the MOTION TO STAY (Docket No. 283), the supporting memorandum (Docket No. 284), correspondence attached as exhibits to that memorandum, the unredacted version of DuPont's opposition brief (Docket No. 296), and Kolon's reply in support of its MOTION TO STAY (Docket No. 313), which also was filed under seal. The Court denied the MOTION TO STAY on February 27, 2012. See Feb. 27, 2012 Order (Docket No. 426).

2

## LEGAL STANDARD

There is a general presumption in favor of "public access" to documents in the files of the courts. In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). However, a district court has discretion to seal documents when the "public's right of access is outweighed by competing interests." Id.; see also Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) ("[The] presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access."). Before sealing documents, district courts must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (citations omitted).

## DISCUSSION

### A. The Threshold Requirements

Public notice of Kolon's request to seal was provided on December 21, 2011, when Kolon filed its MOTION TO FILE DOCUMENTS UNDER SEAL (Docket No. 271) and supporting memorandum (Docket No. 272), seeking to file under seal its MOTION TO STAY (Docket

3

No. 283) and its memorandum in support thereof (Docket No. 284). Kolon argued that the information was highly sensitive, and that the MOTION TO STAY should be filed under seal because of the Protective Order. Kolon also argued that it would hinder the resolution of the litigation if its motion were not granted (¶ 5) and that the release of the information in the motion would not enhance "public understanding of any issues of public concern." Mem. Supp. Motion to Seal Motion to Stay ¶ 3. The Court granted the Motion to Seal based on that memorandum (Docket No. 282). Because the Court was under the impression from Kolon's brief that the documents to be sealed fell within the reach of the Protective Order, the entry of which was preceded by an analysis of less drastic alternatives, that analysis was not made as to the motion.

However, the Court erred in approving the sealing without awaiting a response by DuPont. The propriety of sealing the MOTION TO STAY and the related documents must now be determined anew.

**B. Protective Order**

DuPont argues that the scope of the Protective Order does not extend to any of the information in the MOTION TO STAY. DuPont also challenges the designation of "Confidential - Attorney's Eyes Only Information" given by Kolon to the MOTION TO STAY under the Protective Order.

4

Kolon argues that the Protective Order is not so limited, and that, even under DuPont's interpretation, the commercial harm that would result if the information in the MOTION TO STAY and related papers was revealed would be sufficiently severe to warrant sealing the information. Mem. Opp. Motion to Unseal at 16-17.

The applicable Protective Order, initially filed in the Trade Secrets Case on August 12, 2011, was transferred into the Antitrust Case as Docket No. 8 when the antitrust Counterclaim was severed on September 21, making the Antitrust Case a separate proceeding. In relevant part, the Protective Order provides:

> It is stipulated and agreed by the parties to this action, and ORDERED by the Court, that in connection with Kolon's Counterclaim against DuPont, absent a Court Order to the contrary or written stipulation by the parties, this Order shall <u>govern all discovery produced</u> in the above-captioned case for the purpose of litigating Kolon's Counterclaim.

PROTECTIVE ORDER GOVERNING ANTITRUST CLAIMS (Docket No. 8) (emphasis added).

The purpose of the Protective Order was to facilitate discovery. It does not govern documents that are produced outside of discovery. Nor does the Protective Order apply to pleadings or briefs except to the extent that they quote,

5

contain, or make reference to documents that are themselves produced in the discovery process.

The briefs and supporting exhibits respecting the MOTION TO STAY were not the products of discovery, nor do they quote, contain, or make reference to documents that were produced during discovery. The simple fact is that neither the motion, nor the briefs, nor the exhibits qualify for protection.

Kolon points out that, in addition to protecting "trade secrets [and] proprietary business information," the Protective Order (¶¶ 2 and 3) covers "information invasive of an individual's legitimate privacy interests" (¶ 2) and "information that is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party or significant competitive or commercial advantage to the recovering party" (¶ 3). Those paragraphs do permit such documents, if produced in response to discovery requests, to be given certain protective designations. And, of course, the Protective Order continues that protection if the documents produced in discovery are quoted in, referred to, or attached to briefs filed herein. But, the cited paragraphs do not broaden the scope of the Protective Order to extend its reach to documents not produced in discovery.

For the foregoing reasons, the MOTION TO STAY, the briefs and the related exhibits, may not be sealed under the Protective Order.

## C. Criminal Rule 6(e)(2)

In its briefs opposing DuPont's MOTION TO UNSEAL, Kolon relies on Fed. R. Crim. P. 6 as support for its request to seal the MOTION TO STAY and related papers. Kolon did not originally rely on Rule 6 and, indeed, in a telephone conference, Kolon eschewed its applicability. DuPont contends that Rule 6 is inapplicable here because it is intended to protect the secrecy of the events taking place in the grand jury hearings themselves, not the events that take place before or after those hearings. And, DuPont emphasizes that Kolon never mentioned Rule 6 in its initial memorandum in support of its Motion to Seal. (Docket No. 272). Kolon argues that the purpose of Rule 6(e) and the spirit of the law is served by non-disclosure here.

Rule 6(e)(2)(a-b) provides:

> (a) No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).
> (b) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: (i) a grand juror; (ii) an interpreter; (iii) a court reporter; (iv) an operator of a recording device; (v) a person who transcribes recorded testimony; (vi) an attorney for the government; or (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii).

The Rule prohibits certain persons involved in grand jury proceedings from disclosing the details of those proceedings. Here, disclosures by the enumerated persons about information covered by Rule 6 are not at issue.

Kolon argues that the "spirit" or "purposes" of Rule 6 protect the information at issue even if the actual language of the Rule does not, citing to Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979), in which the Supreme Court discussed the various purposes of Rule 6. In Douglas Oil, the disclosure of grand jury transcripts involving a previous criminal investigation was at issue. Unlike in this case, the language of Rule 6(e)(2) clearly protected the information. That is not to say that the purposes and spirit of Rule 6 are unimportant, but Rule 6 cannot be read so broadly as to destroy its meaning and create a new, entirely different Rule. The Court declines Kolon's invitation to take that course.

D. **The Common Law**

Under the common law standard, which applies to all judicial documents, the public interest favoring access must be "heavily outweighed" by the other asserted interests to overcome the presumption in favor of public access. Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (citations omitted); see also Stone v. Univ. of Maryland Medical Sys. Corp., 855 F.2d 178, 180-81 (4th Cir. 1988). Here, DuPont argues: (1) that the

8

public has an interest in knowing why Kolon wants to shut down these proceedings on the eve of trial; and (2) that ██████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████ Mem. Supp. Motion to Unseal at 14. And, according to DuPont, there is no countervailing interest to speak of because the information in Kolon's briefing is already public. Id. at 15.

Kolon contends that disclosure of the information would promote ████████████ and give DuPont a business advantage. Mem. Opp. Motion to Unseal at 10. ██████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

██ And, Kolon contends that any disclosures thus far have been minor and inadvertent and that the specific information it now seeks to protect has not been disclosed. Id. at 11.

It is first appropriate to note that proceedings have not been delayed in this case on account of the MOTION TO STAY. In fact, the Antitrust Case now has been resolved because the Court granted Dupont's motion for summary judgment. There is thus little public interest in knowing that, at one time, the proceedings might have been delayed or why that might have happened. Any public interest ████████████████████ ████████████████████████████████████████████

███████ is heavily outweighed ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████ If DuPont's MOTION TO UNSEAL is granted, Kolon might suffer irreparable harm ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████

Recognizing these interests, throughout this case and the Trade Secrets Case, the Court has sealed documents and transcripts to protect the identity of the Kolon executives and employees who received target or subject letters who were likely

to be witnesses in future criminal proceedings.[1] In fact, in keeping with the Court's and parties' practice, DuPont initially filed a brief in Opposition to Kolon's Motion to Stay, in which it redacted much information of that sort. See Mem. Supp. Motion to Unseal at 4. The Fourth Circuit also has recognized the importance of the privacy and investigative interests at stake, ███████████████████████████████████ ███████████████████████████████ See also In re Grand Jury Subpoena, Docket No. 82 in Case No. 10-4815 (4th Cir. Mar. 21, 2011) (granting Kolon's motion to close the courtroom for oral argument based in part on the ongoing investigation).

The Court concluded long ago that the public interest in having access to ███████████████████████████████████ in this case was heavily outweighed by countervailing interests. And, this conclusion is no less true now than it was in 2010, ███████████████████████████████████████

Nevertheless, while sealing some of the details included in

---

[1] See Aug. 17, 2011 Trade Secrets Tr. 2596:7-2597:22 (sealing the courtroom during discussion of safe passage); Aug. 23, 2011 Trade Secrets Tr. 3188:25-3189:20 (sealing the courtroom before discussing target letters); Aug. 24, 2011 Trade Secrets Tr. 3563:8-14 (agreeing to seal target and subject letter information); Memorandum Opinion (Docket No. 31)(redacting the details ███████████████████████████ concerning the investigation ██████████████████████████████████ ███████████████).

Kolon's MOTION TO STAY and the briefs concerning it is appropriate, there are less drastic alternatives than the wholesale sealing proposed by Kolon.[2]

The fact that there is an investigation against Kolon is already public knowledge. See, e.g., June 21, 2010 Tr. 7:24-25 (3:09cv58, Docket No. 264) ("The mere fact that there's an investigation going on doesn't change how you treat documents."). Kolon does not argue otherwise. And, it is also public knowledge that certain individuals were guaranteed safe passage, that Kolon wanted some of its witnesses to be deposed in the United States for "criminal reasons," and that target and subject letters were issued to Kolon employees.[3]

Kolon cannot expect that information that already has been made public will now be sealed. To that extent, its request that the Court seal the entire memorandum in support of its MOTION TO STAY, the exhibits, the opposing memorandum, and the reply is too broad.

---

[2] See In re § 2703(d) Order, 787 F. Supp. 2d 430, 442 (E.D. Va. 2011) (finding that there is a "significant difference between revealing the existence of an investigation, and exposing critical aspects of its nature and scope," and holding that certain documents should remain sealed because they "set forth sensitive nonpublic facts, including the identity of targets and witnesses in an ongoing criminal investigation").

[3] See Memorandum Opinion (Docket No. 31); July 9, 2010 Hrg. Tr. (3:09cv58, Docket No. 279); Opp. Motion to Strike at 12 (3:09cv58, Docket No. 1360); Opp. Protective Order Motion at 7 n. 3 (3:09cv58, Docket No. 1480).

## D. First Amendment

DuPont invokes the First Amendment in support of its MOTION TO UNSEAL, arguing that the First Amendment standard should apply in this case rather than the common law standard. DuPont relies primarily on Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988). In Rushford, a judge issued a protective order during discovery to facilitate the production of certain documents. The defendant then filed a motion for summary judgment, and the judge ordered the motion and its accompanying exhibits sealed. Id. at 251. The judge then granted the motion. Id. at 251-52. A third-party intervenor requested access to the sealed documents that were not covered by the protective order. Id. at 252. The defendant granted such access with respect to all documents not covered by the protective order, and the Fourth Circuit remanded the case to determine whether the documents covered by the protective order, which were attached to the summary judgment documents, should also be unsealed. Id. at 251.

The Fourth Circuit provided some guidance to the district court, explaining that there is a difference between pretrial discovery protective orders and a trial situation. Id. at 252. Because deciding the summary judgment motion was akin to having a trial (it was a "dispositive motion"), the sealed documents would have been unsealed if there had been a trial, and the

13

sealing order was made solely to facilitate pre-trial discovery, the Court found that the First Amendment standard applied. Id. The Court noted that, under the First Amendment, "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." Id. at 253 (citations omitted).

Here, the First Amendment standard does not apply. The MOTION TO STAY is not a "dispositive motion" akin to a trial. It is not even a discovery-related motion. ███████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████ Indeed, these facts did not play a part in the Court's decision on summary judgment. Thus, unlike in Rushford, the First Amendment standard does not apply.[4]

**CONCLUSION**

For the reasons stated herein, DuPont's MOTION TO UNSEAL FILINGS (Docket No. 315) will be granted in part and denied in part. In like fashion, Kolon's MOTION TO SEAL THE MOTION TO

---

[4] Even if it did, there is a compelling government interest in not revealing information ████████████████████████
████████████████████████████████████████

14

STAY (Docket No. 271) will also be granted in part and denied in part. To that end, the ORDER (Docket No. 282) permitting sealing in its entirety is vacated. Kolon, therefore, is ORDERED to file a redacted version of its MOTION TO STAY, the supporting memorandum (and exhibits) and its reply, redacting only specific details that reveal ▮▮▮▮▮▮▮▮▮▮ or the ▮▮▮▮▮ details of the investigation or the potential charges under consideration. DuPont is ORDERED to file a redacted version of its opposition, redacting the same kind of information.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 20, 2012